Sew all, J.,
delivered the opinion of the Court.
A writ of review is a writ of right, in the nature of a scire facias to hear errors, in a record or process remaining with the court. It *228 is issued by the officer of the court, and in that respect may be regarded as of the nature of a judicial writ. It is, however, sometimes issued in the form of a capias and attachment, and with the same efficacy, and seems therefore to be, to some purposes, an original writ. As a judicial writ, issued by the officer of the court, their power over it, to amend it, may be considered as more extensive than their power respecting original writs; for the errors and defects of a writ of review are to be imputed to the officer of the court: and it is therefore their duty to render it suitable in point of form to the equitable purposes for which it is issued. The same process is in use in courts of equity, and, at an early period after the migration of our ancestors, was adopted as a part of their processes at law, probably with the intention of giving to courts of law the powers and the remedies to which they had been accustomed, both in courts of law and equity.
The policy of reviews is certainly questionable. ' They may have been of more utility in former times than they are at present. The practice of granting new trials, upon sufficient cause suggested, is probably a' more suitable remedy for every supposed failure of justice in a past trial than a review of right by the party. But the statutes upon this subject are imperative. The writ is given with certain limitations ; but it is not one of them, that a review com' menced and discontinued is a bar to another review, if not prevent ed by other limitations. Accidents may be imagined [ *223 ] *of a nature to render a nonsuit, with the power of renewing the suit, or a discontinuance with leave, necessary and unavoidable. Such, for instance, would be the absence of witnesses, where the court might think it unreasonable to hold the other party; intentions of adjustment, in which both parties have confided, but in which one of them finds himself deceived.
In the case at bar, the first writ of review was discontinued, be cause both parties had withdrawn themselves: neither of them appeared when called, the one to prosecute, or the other to defend. A former suit, concluded in this manner, would not be a bar to a second action, commenced for the same cause. So far as a writ of review is a writ of right, and an original suit, it is within the principles which regulate other suits, where a nonsuit with leave, or a discontinuance by the non-appearance of the parties, is no bar to another action for the same cause. (2)

Motion overruled.

 Co. Lit. 139.