## WINDSOR COUNTY,

FEBRUARY TERM, 1836.

PRESENT, HON. STEPHEN ROYCE,
   "  SAMUEL S. PHELPS,
   "  JACOB COLLAMER,  } *Assistant Justices.*
   "  ISAAC F. REDFIELD,

WILLIAM LEWIS, Jr. *vs.* JEREMIAH AVERY and JAIRUS JOSSELYN.   WINDSOR, February, 1836.

A mistake in the name of the town in which the jail is situate, in an execu-
tion, does not render that execution *void,* nor the imprisonment thereon, in
the common jail of the county, a trespass.

If a person be committed to jail on a sufficient process, that is a defence to an
action for a false imprisonment, though he at the same time be committed on
an irregular or void process ; unless it appears by the pleading or evidence
that some inconvenience or injury has occurred to the plaintiff by this void
process.

This was an action of assault and false imprisonment, alleging
that the defendants took the plaintiff at Windsor, and transported
him to Woodstock, in Windsor county, and there kept him confi-
ned and imprisoned for the space of 120 days.

The defendants pleaded severally, *not guilty* ; and Josselyn
gave notice in writing, that under this plea, he should give in evi-
dence that he was a deputy sheriff of Windsor county, and receiv-
ed three certain executions in due form of law, in favor of said
Avery against the plaintiff, issued by Richard Eastabrooks, jr.,
justice of the peace, and that by virtue thereof he took the plain-
tiff and committed him to the common jail in said county, &c.

Avery gave notice in writing that he, on a certain day, recovered
three judgments against the plaintiff, before said justice Eastabrooks,
describing them, and took out executions thereon in due form of
law, and delivered to said Josselyn, who, by virtue thereof, com-
mitted the plaintiff, &c.

On the trial of this cause in the county court, the plaintiff gave
evidence tending to prove the facts contained in his declaration.
The defendants showed duly certified copies of the judgments, ex-
ecutions and officer's returns thereon, as mentioned in their notices,

showing the plaintiff was committed to the common jail thereon, all at the same time. To some of these judgments and the records thereof were many exceptions, and to the executions which thereon issued. To one of them, no other objection appeared but this: In that part of the execution which directs the officer, for want of goods or estate, to take the body of the debtor, and him commit to the keeper of the jail, instead of the word *Woodstock*, in the coun ty of Windsor, it was *Windsor*, in the county, &c. The county court rendered judgment for the defendants, and the plaintiff filed exceptions—whereupon, the cause passed to this court.

*Aikens for the plaintiff.*—The executions offered in evidence by the defendants, ought not to have been received in evidence; and if received, were insufficient to sustain the issue for the defendants, because,

1st, They contained no command to commit the plaintiff.

2d, They were not sustained by any legal judgments, and if ei-· ther was defective, plaintiff should recover.—*Sherwin et al.* vs. *Bliss*, 4 Vt. R. 96—*Stillman et al.* vs. *Barney*, 4 Vt. R. 187— *Adkins* vs. *Brewer*, 3 Cow. R. 206.

*E. Hutchinson for defendants.*—Defendants have severed in their pleas, (one being the plaintiff in execution—the other the officer,) but it is presumed that the defence set up is good for both, if for either.

They justify the imprisonment under a certain writ of execution, (referred to and made part of the case,) and the Statute of Vermont, p. 209.

For the statutory form of writs of execution, see Stat. p. 316.

The execution in this case, though informal, yet, aside from the statute, was *not void*; and is, therefore, a protection to both officer and party, for all acts done under it, whilst in force, until regularly set aside.—6 Vt. R. 511, *Ex parte, Kellogg*—8 Mass. R. 86, *Albe* vs. *Ward*—5 John. R. 100, *Bissel* vs. *Kip*—1 Cow. R. 313, *Jones* vs. *Cooke*—1 Vesey Sen. 195, *Jeans* vs. *Wilkins*, (cited by Savage, Ch. J.)—1 Cow. R. 643, *Jackson* vs. *Cadwell*—10 Reports, 68, *Marshalsea* case, cited in.—3 Sel. N. P. 810, citing also as recognizing *Marshalsea* case—Cro. Car. 395, *Nichols* vs. *Walker*—Strange, 711, *Hill* vs. *Bateman*—do. 1002, *Shergold* vs. *Holloway*—2 Wills. 384, *Perkins* vs. *Proctor*—8 Term Rep. 424, *Brown* vs. *Compton*—11 Mass. R. 89, *Young* vs. *Hosmer*.

Besides, it is questionable, whether the execution in question

was even *voidable.* The words, "*in Windsor,*" in the execution, are evidently a mere clerical error, and may be stricken out, as surplusage, and the writ would then "contain not only the substance of a good execution," but would, in its phraseology, also, be a literal transcript of the statute, above cited, p. 209.—*Lessee of Matthews* vs. *Thompson et al.,* Ohio Cond. R. 569—*Brainard* vs. *Stilphin et al.,* 6 Vt. R. 14—*Herring* vs. *Selden,* 1 Vt. R. 17.

Windsor, February, 1836.

Lewis vs. Ayery et al.

The opinion of the court was delivered by

Collamer, J.—To one of these executions the only objection seems to be that the town of *Windsor* is inserted instead of *Woodstock,* as the place of imprisonment. This is obviously a mere clerical error, which every man must see, on inspection, and it would be extravagant to say that such a matter should render the precept absolutely *void,* and make all who were concerned in its issue and execution entire trespassers. The officer's duty on execution is all particularly pointed out *by statute,* and he therefore needs not a direction of particulars in the precept. By statute he is directed to commit the debtor to the *common jail* in the county, which he correctly did in this case. There was no common jail in *Windsor,* and that word may well be treated as surplusage.

It does not become necessary in this case to inquire in relation to the other execution. If the defendants had any legal authority for the imprisonment which the plaintiff shows they committed, it is enough, until the plaintiff shows some excess. The plaintiff has not showed he was ever taken or holden on the other execution alone for any moment, nor has he averred or shown that he was put to any inconvenience thereby, or to any cost or expense to be released from imprisonment thereon. It is therefore of no consequence whether the execution was good or not.

The plaintiff's counsel have very strenuously relied on *Adkins* vs. *Brewer* as sustaining a different doctrine. In that case, the officer had taken property on several good executions, and the same property on three *void* executions, issued by the defendants. He sold the property on all, and paid over the avails to the amount of $162 to the defendants on these void executions. Here the excess of the officer's act beyond his good executions, was obvious, and how much injury the plaintiff had thereby sustained. The court sustained the action for this excess, for that which was done on the void process only. Ch. J. Savage says, "The sale by the officer *after the other executions were satisfied,* could not be justi-

WINDSOR,
February,
1836.

Lewis
vs.
Avery et al.
fied except upon the authority of these executions; and as they were void, there was no authority, and the defendants were trespassers." This was only for the excess. In this case, the plaintiff having neither averred or shown any thing done him peculiarly and alone by virtue of the other execution, this execution furnished the defendants a legal justification.

Judgment affirmed.