<div align="center">BANK OF WHITEHALL <i>v.</i> JOHN PETTES.</div>

Where a judgment was recovered at the June term of the county court, 1839, and execution issued on the 13th of June, 1839, reciting the judgment truly, but, by mistake of the clerk, was dated the 13th of June, 1809, and, within thirty days from the rendition of the judgment, the execution was delivered to an officer to execute, who neglected to execute it ; *It was held*, that the execution was not void, and that the officer was liable for not executing it.

TRESPASS on the case, against the defendant, as sheriff of Windsor county, for the neglect of his deputy in not executing a writ of execution.

The plaintiffs, in their declaration, alleged, in substance, that at the session of the county court, held at Manchester, within and for the county of Bennington, on the first Tues-

<div align="right" style="font-style:italic">
WINDSOR,<br>
February,<br>
1841.<br>
<br>
Bank of<br>
Whitehall<br>
v.<br>
Pettes.
</div>

WINDSOR,
February,
1841.

Bank of
Whitehall
v.
Pettes.

day of June, A. D. 1839, by the consideration of said court, they recovered a judgment in their favor against Silas Briggs of said Manchester, Stephen Cummings, Addison Streeter, and Edward Manning, of Ludlow, in the county of Windsor, for $555 damages, and $19.58, costs; that on the 13th day of June, 1839, they took out a writ of execution on said judgment, signed by Henry Robinson, clerk of said court, as clerk, yet bearing date, by mistake of said clerk, the 13th day of June, 1809, directed to the sheriffs of Windsor and Bennington counties, &c., reciting that said judgment was recovered at the term of said court held at Manchester, within and for said county of Bennington, on the first Tuesday of June, A. D. 1839, and made returnable within sixty days from date. And the plaintiffs averred that, within thirty days from the rendition of said judgment, to wit, on the eighth day of July, A. D. 1839, at Chester, in said county of Windsor, they delivered said writ of execution to Ephraim Ingraham, jr., then and still a deputy sheriff of the defendant, to execute and return, and that neither the defendant nor any of his deputies ever executed or returned said writ, whereby the plaintiffs had wholly lost the benefit of said writ.

To this declaration the defendant demurred, generally, and the plaintiffs joined in demurrer.

The county court decided that the declaration was insufficient, and the plaintiffs excepted to the decision.

*D. Roberts, jr.,* and *E. Hutchinson,* for plaintiffs.

The demurrer admits the rendition of the judgment, and the issuing of a writ of execution thereon, in due form of law, excepting the date.

Was the defendant bound to execute this writ?

There is every difference between the authority of *irregular* or *void process* and *process merely erroneous,* or *voidable.* The former is an utter nullity. The latter is not only good for all acts done under it, but is perfect in its authority and character, as process, until set aside for the error that is in it. It is voidable, that is, it may be avoided. But it need not be, and, until it is so *made* void, *ex vi termini,* it stands as perfect process. De Grey, Ch. J., in *Parsons* v. *Lloyd,* 3 Wilson, 345.

Judgment or process merely erroneous can be objected to,

WINDSOR,
February,
1841.

Bank of
Whitehall
v.
Pettes.

or disputed, only by a party or privy to the record. Thus, no person can bring a writ of error but a party or privy to the record, who is to release the error, (2 Saund. 46, n. 6,) or in any other way object, for a mere error. *Bank of Orange* v. *Brown,* 1 Wend. 31.

The bail cannot take advantage of an error in a *ca. sa.* against their principal. *Campbell* v. *Cummings et al.,* 2 Burr. 1187. *Mattocks* v. *Judson,* 9 Vt. R. 343. Nor one execution creditor of an error in the execution of another creditor, for the sake of acquiring a priority. *Oakley* v. *Becker,* 2 Cowen, 454. Nor to impeach a title to lands in ejectment. *Phelps* v. *Park,* 4 Vt. R. 488. *Jackson* v. *Walker,* 4 Wend, 462. *Jackson* v. *Bartlett,* 8 Johns. 281. And see *Woodcock* v. *Bennett,* 1 Cowen 736. *Sewell* v. *Harrington,* 11 Vt. R. 141. *Prigg* v. *Adams ,* 2 Salk. 674.

Thus, too, a sheriff can take no advantage of error in a process. Cro. Eliz. 767, 893. 2 Bul. 258. 8 Co. 142. 10 Co. 68. Godb. 27. Noy, 78. Cro. Jac. 280, 289. Stiles, 232, 233. 3 Mod. 325. Carth. 148. Bac. Abr. (M.) 2. *Jaques* v. *Cesar,* 2 Saund. 101, and notes. *Bull* v. *Steward,* 1 Wils. 255. As, (in an action against him, for an escape,) of a variance between the amount of the judgment and the sum in the *ca. sa. Bissell* v. *Kip ,* 5 Johns. 89 ; or that the *ca. sa.* was tested out of term ; *Jones* v. *Cook,* 1 Cowen, 309 ; or that the *ca. sa.* issued *post diem et annum,* without a *scire facias ; Shirley* v. *Wright,* 1 Salk. 273 ; *Ontario Bank* v. *Hallett,* 8 Cowen, 192 ; and see 1 Johns. 529; 15 do. 378; *Patrick* v. *John,* 3 Lev. 403 ; or that the *ca. sa.* was returnable two terms from the teste, *Shirley* v. *Wright,* 2 Salk. 700 ; or that the defendant in the writ was a peer, and so privileged from arrest ; Bac. Abr. Sheriff, (M.) 2, vol. 4, p. 450; for it was the duty of the officer to serve the process, notwithstanding the claim of privilege. 18 Johns. 52. *Sperry* v. *Willard,* 1 Wend. 32.

Hence we conclude that a sheriff is bound to serve every process, committed to him, which is not void ; for, though erroneous, yet, until avoided, (and he cannot avoid it,) it is a perfect process, and hence he may justify in an action brought against him for the serving of the process. Note the language in Bac. Abr. Sheriff, (M.) 2, vol. 4, p. 451, "For it was sufficient to arrest him, and the sheriff may justify in an

WINDSOR,
February,
1841.

Bank of
Whitehall
v.
Pettes.

action of false imprisonment, and therefore cannot let him at large."

It is believed that no case, (of authority,) can be found where it is held that a sheriff may refuse to serve a process which he would be justified in serving. True, in *Shirley* v. *Wright*, 2 Salk. 700, is a *dictum* of Holt, C. J., that "if a writ of execution bear teste out of term, the sheriff is justifiable, and yet shall not be liable to an action of escape, for it is a void writ." It is to be observed that this is a mere dictum of Holt, J., not called for in the decision of the case, nor warranted by the authority cited ; that in the report of the same case, in Lord Raymond, 775, no notice is taken of any such decision, and that the reason given for the rule cannot be just, for if the writ be *void*, how is the officer justified in serving it ? This *dictum* was considered in *Jones* v. *Cook*, 1 Cowen, 309, and overruled.

By Collamer, J., in *Kellogg, ex parte*, 6 Vt. R. 511, "The execution can only be treated as void when the judgment is void."

See, also, opinion of Williams C. J., in *Sewell* v. *Harrington*, 11 Vt. 144.

A process which may be amended cannot be said to be void, for nullity cannot be amended. There must be something to amend by. See several of the cases above cited, where the question whether the process was void or voidable, was argued and decided upon the ground of whether or not amendable.

In *Brown* v. *Hammond*, Barns, 10, the defendant had been taken on a *ca. sa.* by a wrong christian name, and the court suffered the plaintiff to amend.

In *Hunt* v. *Kendrick*, 2 Wm. Bl. 836, where defendant was taken on a *ca. sa.* returnable in B. R. instead of C. B. the court directed the writ amended.

In *Laroche* v. *Wasbrough et al.*, 2 T. R. 737, though the defendants were then charged in execution, the court suffered an amendment of the execution from £555 10s to £540 10s.

In *McIntyre* v. *Rowan*, 3 Johns. 144, the defendant then being taken and in prison upon a *ca. sa.*, the same was amended by adding the *testatum* clause.

In *Atkinson* v. *Newton*, 2 Bos. & Pul. 336, a wrong return day to a *fi. fa.* was amended.

In *Shoemaker* v. *Know*, 1 Dall. 197, both the teste and return of a *venditioni exponas* were amended by the *precipe.*

A *ca. sa.* returnable out of term, may be amended.  *Cramer* v. *Van Alstyne* 9 Johns. 386, and cases cited in note (a.)  See *Cowperthwaite* v. *Owen et al.*, 3 Term R. 657. *Mackie* v. *Smith*, 4 Taunton, 322.  *Phelps* v. *Ball*, 1 Johns. Cas. 31.  *Oakley* v. *Becker*, 2 Cowen, 454.

The execution in question being a writ issued by, and the error therein the misprision of, the court's clerk, it cannot be doubted that it was amendable.  See *Young* v. *Hosmer*, 11 Mass. 89.

A *ca. sa.* issued after a *supersedeas* is not void, but merely voidable, and justifies all acts done under it.  *Reynold* v. —— *et al.*, 3 Camp. R. 267.

Directly in point, also, are the cases decided in this state. *Lewis* v. *Avery et al.*, 8 Vt. R. 287, and *Avery* v. *Lewis et al.* 10 Vt. R. 332.

If, then, here was a regular judgment, in full force; if the execution of that judgment was not so far faulty but that the court, on motion, or the clerk himself, *ex officio*, might and would have amended it; and if, too, the defendant could have justified the service of the writ, how is he justified in a neglect to serve it?

*T. Hutchinson*, for plaintiffs.

It appears, by the record, in this case, that the execution delivered to the defendant to collect had been dead almost thirty years.  Now, we say, the defendant would have been a trespasser if he had levied this execution upon the bodies or property of the debtors.  A dead execution gave him no authority, and his receiving it laid him under no obligation to the plaintiffs.  All this appearing in the declaration, it is ill on demurrer.

The opinion of the court was delivered by

BENNETT, J.—This case comes before the court upon a demurrer to the declaration.  The only question presented in argument is, whether the officer was bound to have executed such a process as is set forth in the declaration.  If the execution was *void*, upon its face, the officer could not justify a commitment of the debtors under it, and ought not to have

WINDSOR,
February
1841.

Bank of
Whitehall
*v.*
Pettes.

executed it. The declaration sets forth the judgment as rendered at the June term of the Bennington county court, 1839, and avers, that the execution was issued on the 13th of June, 1839, and, *by mistake*, was dated the 13th of June, 1809. The judgment, as recited in the execution, was of the June term, 1839, and it is averred that within thirty days from the rendition of the judgment the execution was delivered to the officer. No one could have inspected this execution without knowing what the date should have been; and shall this misprison of the clerk render the execution *irregular and void?* Though the date, alone, might show the execution to be without life, yet, when the officer looked at the whole execution, all reasonable doubt must have been dissipated. In *Laroche* v. *Wasbrough and Maitland*, 2 Term R. 737, after the defendant had been charged in execution, the same was, upon motion, amended, by reducing the sum in damages, a sum too large having been by mistake inserted. In *McIntire* v. *Rowan*, 3 Johns. R. 144, an amendment of a *ca. sa.* was allowed by adding the *testatum clause*, after the defendant had been committed to prison. In *Bissell* v. *Kip*, 5 Johns. R. 100, it was held that the officer, in an action against him for an escape, could not object that the *ca. sa.* did not follow the judgment, in its sum in damages. The court say, the mistake in the execution was amendable. So in *Cramer* v. *Van Alstyne*, 9 Johns. R. 386, a *ca. sa.* returnable by mistake out of term time, was not *void*, but amendable. The same principle was applied to a *ca. sa.* tested out of term, in *Jones* v. *Cook*, 1 Cowen's R. 309.

In *Young* v. *Hosmer*, 11 Mass. R. 89, the clerk had, by mistake, inserted a wrong christian name in the execution, and it was held this could not avail the sheriff in an action against him for taking insufficient bail. The court say: "this was clearly a misprison of the clerk, in issuing a judicial writ, and, being so, might be amended. See also *Lewis* v. *Avery et al.* 8 Vt. R. 289, and *Avery* v. *Lewis et al.* 10 Vt. R. 332. The very commendable industry of the counsel for the plaintiff has referred us to many other cases, which have more or less bearing upon the question under consideration; but those referred to are deemed amply sufficient to justify the position that the mistake in the date of this execution might, upon motion, have been amended after

the defendants had been charged in execution. If the *testatum* clause may be *added*, by way of amendment, most certainly it may be altered according to truth, upon the well known *axiom* that "the lesser is comprehended in the greater." Upon reason and authority, we think the date of this execution, having been the misprison of the clerk, should be amendable. We have something to amend by. This must be upon the ground that the process is not *void*; and, at most, but *voidable*. If the process is absolutely *void*, it is a mere nullity and no amendment in such case can be made. *Bunn* v. *Thomas et al.* 2 Johns. R. 190. *Burk* v. *Barnard*, 4 Johns. R. 309. It is well settled that none but a party or privy to the record can take advantage of an error in process. The sheriff cannot, but he is bound to execute erroneous process. It is good until set aside, and this can only be done upon an application of the defendant in the execution. *Jones* v. *Pope*, 1 Saund. 39. 2 Saund. R. 101. *Bull* v. *Steward*, 1 Wils. R. 255. *Bissell* v. *Kip*, 5 Johns. R. 100. So if a sheriff make an arrest, on erroneous process, and suffer an escape, he is liable. The result must be that the officer would have been justified in executing the process set up in the declaration, and it was his duty to have so done; and, for his neglect to do it, the sheriff must be responsible. The judgment of this court, then, is, that the plaintiffs' declaration is sufficient, and the judgment of the county court is reversed, and judgment for the plaintiffs for the amount of their execution and interest.