## BARRON v. JACKSON.

On a petition for a new trial or review, upon the ground of accident, mistake or misfortune, it can be granted only by way of a writ of review, and without setting aside or vacating the judgment.

THIS is a petition for a new trial or review of the action *Jackson & Norris* v. *Barron;* and the evidence being found sufficient to sustain it, the question is, in what form shall it be had? The facts sufficiently appear in the opinion of the court, and in the same case reported in 40 N. H. 365.

*Cross & Topliff*, for the petitioners.

*Morrison & Stanley*, and *W. C. & S. G. Clarke*, for the petitionees.

BELLOWS, J. A new trial may be obtained upon a motion founded upon exceptions alleged at the same term with the opinion, verdict or judgment, or by review as matter of right, in cases where an issue of fact has been joined; and in any other case, where, on petition, the superior court shall grant a review, on account of any accident, mistake or misfortune.

In this case a verdict was rendered for the plaintiffs, Jackson & Norris, at the January term, 1858, in Hillsborough county; and a motion for a new trial, upon exceptions alleged, was transferred to the Supreme Judicial Court, and a judgment upon the verdict directed January term, 1859. This petition for a new trial was made in February, 1859, and is founded upon the statute of 1855 (ch. 1659, sec. 24), by which it is provided that the Court of Common Pleas or Supreme Judicial Court, "for sufficient cause shown, may grant new trials, and the Supreme

Barron v. Jackson.

Judicial Court may grant a review, in any case where it shall appear that justice has not been done, through any accident, mistake or misfortune, or that a further hearing would be just and equitable;" the statute then providing that the proceedings, in applications for review, shall be the same as prescribed in chapter 192 of the Revised Statutes, namely, by petition, within three years from the rendition of the judgment.

In the case of *Wright* v. *Boynton*, 40 N. H. 353, it is held that this provision, empowering the Court of Common Pleas and Supreme Judicial Court to grant new trials for sufficient cause, was not designed to change the rules which governed the granting of new trials, but to extend the power to the Court of Common Pleas, upon which a new jurisdiction was conferred. It was, also, there held that the provisions for granting reviews, by application to the Supreme Judicial Court, were, in substance, identical with the former law.

The petition, in this case, must be 'regarded, then, as falling within the provisions for an application for a review, in cases where there was no review as matter of right, which is confined to cases where an issue of fact has been joined, and does not reach cases where judgment is rendered upon an issue at law or on default. And we think that the object sought by this power of granting reviews, was to put those cases where no issue of fact had been joined, but where, in the opinion of the Supreme Judicial Court, the judgment was rendered by accident, mistake or misfortune, upon the same footing as those in which such issue in fact had been joined, namely, a trial by way of review. So it would apply to a case where there was a review as matter of right, but lost by accident, &c., as in *Coburn* v. *Reynolds*, 32 N. H. 372. Beside, the law of 1855, in respect to all actions not then pending, abolished reviews as matter of right, unless, in the discretion of the court, judgment was rendered, open to

Barron *v.* Jackson.

review, or it was granted upon petition; and in both of these cases the new trial would be the same—that is, by way of review.

There is, then, no statute provision for a new trial, except on motion founded on exceptions alleged at the same term and by review. In the former case, the verdict is set aside, as being improperly rendered; but in the latter the judgment stands. The decision, therefore, that a new trial is granted by way of review, accords with the provisions of the law and the nature of the application, which does not contemplate the setting aside the verdict.

That our courts have been inclined to conform strictly to the provisions of the law, in this respect, is shown by the case of *Tuttle* v. *Richardson*, 3 N. H. 319, where it is held that an application in writing was essential, and within three years, and that the entry of such case upon the docket within that time, with an order of notice, was not sufficient. So in *Sheafe* v. *Sheafe*, 29 N. H. 268, where it is held that a review can not be granted, under the Revised Statutes, on petition, where the proceedings are not after the course of the common law; and cases cited.

By the law of December 1808 (N. H. Laws, 1830, 54), the Superior Court had power to grant "one review or new trial," and it was expressly provided that the "process in said review or new trial shall be by writ of review, as in other cases." This act remained in force until the Revised Statutes, when this provision was modified by striking out the term new trial, and simply authorizing the granting of reviews on application. Both of these acts, we think, very clearly contemplate the new trial thus granted to be by way of the writ of review; and this is indicated by the provision which authorizes the application to be made at any time within three years from the rendition of the judgment. Since 1838, the review would not affect the costs of the original suit, whether the review was brought as of right, or by grant upon petition to the

Superior Court. To hold that, on such petition, the new trial should be had by vacating the judgment, would be attended with this absurdity, that a party who, by accident, had lost his review as of right, by omitting to bring it within the year, might still, on petition, obtain a new trial, by setting aside the former verdict or judgment, and thus put himself in condition to reach the costs of the original suit. In the case of *Coburn* v. *Rogers*, 32 N. H. 373, the review as of right had been lost by accident, but relief was granted, on petition, by way of review, and not by setting aside the judgment.

Again, there would be great practical inconvenience in any other view, inasmuch as the judgment may not only have been rendered, but satisfied even by extent upon real estate. So the writ of review may be in a court other than that in which judgment was rendered, which is wholly inconsistent with the idea of setting aside the judgment, as in *Exeter Bank* v. *Gilman*, 8 N. H. 332, where the judgment was in the Superior Court; and it was held that the review must be in the common pleas, *Parker*, J., saying, "there is nothing, however, in the nature of an ordinary judgment or review to prevent such judgment from being rendered in the common pleas, although the original judgment was in this court." So in *Rigney* v. *Hutchins*, 9 N. H. 257, a review was granted, on petition, in the case of a judgment on default, by a justice of the peace; and it was decided that the writ of review should be brought in the common pleas.

In Massachusetts, the Revised Statutes (ch. 99, sec. 19) provide that "when judgment is rendered, either by the supreme judicial court or court of common pleas, in any civil action, whether upon verdict, or report of referees, or upon nonsuit or default, or in any other manner, the supreme judicial court may grant a review thereof, if they shall think it reasonable, upon such terms and conditions as they shall think fit." In *Davenport* v. *Holland*,

Barron *v.* Jackson.

2 Cush. 11, it is held by *Shaw*, C. J., that if a writ of review is granted under this statute, "it is a new process, to be sued out and served like other original writs, and upon which the parties are again brought into court, and further proceedings had." So it is held by the same judge, in *Thayer* v. *Goddard*, 19 Pick. 60, that "writs of review, sued out upon petition granted for that purpose, are to be conducted in the same manner as reviews sued out as of right." Such seems to have been the uniform practice in that state, under the provisions quoted and the previous laws, which are similar.

The writ of review was unknown at common law, and seems to have been borrowed from courts of equity, where it was in the nature of a writ of error, its object being to procure a reversal or alteration of a decree upon a former bill, which decree had been signed and enrolled. Story's Eq. Pl., sec. 403; *Burrell* v. *Burrell*, 10 Mass. 221. In *Little* v. *Bunce*, 7 N. H. 485, it is regarded by *Richardson*, C. J., as in the nature of a writ of error, though he leaves undecided the question whether the former judgment is ever, strictly speaking, reversed by it.

The writ of review must, therefore, be regarded as a distinct and independent proceeding, commenced by writ, and not necessarily in the court where the judgment reviewed was rendered, and not operating to vacate the judgment, or even as a supersedeas or stay of execution. In these respects it is the same, whether brought as of right or by grant upon petition.

The new trial must, therefore, be by way of review.