JUSTIN L. WORTHY, guardian, *vs.* COLLINS B. WARNER & others.

Berkshire.    Sept. 14, 1875. — March .27, 1876.    AMES, DEVENS & LORD, JJ., absent.

On a bill in equity, filed January 8, 1874, to redeem a mortgage, it appeared that on a writ of entry to foreclose the mortgage, an execution for possession issued dated May 6, 1869, upon a conditional judgment; that the officer's return and the acknowledgment of possession were dated May 3, 1869; and that the execution was recorded June 10, 1869. *Held,* that the date of the officer's return was not conclusive as to the actual date of the possession; and it appearing from the whole record, without resort to other evidence, that possession was actually taken on some day after the execution was issued and before June 10, that this was enough to commence the foreclosure as of the latter date.

The assignee of a judgment and execution for the foreclosure of a mortgage, under which possession had been taken, advanced to one of the owners of the equity, who was the guardian of the other owners, who were minors, a further sum, taking his note with sureties for the amount of the mortgage debt and the additional sum, and giving him a written agreement to cancel and assign to him the judgment, if he should pay the note with interest at its maturity, but not otherwise. The note was paid before its maturity by the sureties, and the judgment was assigned to them after the lapse of three years from the time possession was taken. *Held,* on a bill in equity to redeem, that there had been no payment of the mortgage debt or waiver of the foreclosure.

BILL IN EQUITY, filed January 8, 1874, by Justin L. Worthy, guardian of Susan A. Luce and Frederick W. Luce, against Collins B. Warner, Sidney A. Luce, personally and as administrator of Pluma A. Luce, Edwin L. Humphrey, Daniel Sprague, Phineas L. Sprague and the Berkshire Life Insurance Company, to redeem a parcel of land in Pittsfield from a mortgage executed on January 9, 1867, by Pluma Ann Luce, the mother of

the plaintiff's wards, in which her husband, Sidney A. Luce, joined, to secure the payment of a note for $630 and interest to the defendant Sprague. Hearing before *Colt*, J., who reported the case, for the consideration of the full court, in substance as follows :

On June 10, 1867, Sprague brought his writ, in the Superior Court, to foreclose the mortgage. Pluma Ann Luce died intestate August 23, 1867, pending said suit, and leaving the wards her only heirs at law, and leaving no property other than the equity of redemption in said mortgage. On October 14, 1868, Sidney A. Luce was appointed administrator of the estate of Pluma Ann Luce, and guardian of the two minor children ; and at February term 1869 of the Superior Court, after notice to the minors and their appearance by their guardian, conditional judgment was rendered in favor of Sprague, against Sidney A. Luce and the minor heirs, for $711.58, and $24.99 costs of suit.

On May 6, 1869, an execution of *habere facias* issued upon said judgment, and seisin and possession thereon was delivered to E. M. Wood, attorney for Sprague, June 3, 1869. The return on the execution, and the acknowledgment of the delivery of seisin and possession on the back of said execution, were both dated May 3, 1869. The execution and the proceedings thereon were recorded in the registry of deeds June 10, 1869, as appeared by the certificate of the register of deeds.

The defendants contended that the date of the officer's return, and of Mr. Wood's receipt, was a manifest error, and should have been June 3 instead of May 3. The plaintiff objected to the introduction of any evidence to vary, contradict or control the record, and contended that the defendants could not in any way be allowed to show that possession was not had on May 3, 1869, and that all the legal and equitable rights of the parties must be decided and governed by the dates as recorded.

On June 7, 1869, Sidney A. Luce, desiring to pay Sprague and to obtain an additional loan of money, gave his negotiable promissory note to the Berkshire Life Insurance Company for one thousand dollars payable in three years from its date, with interest, with the defendants Page and Humphrey as sureties. The insurance company then took an assignment of the judg-

ment from Sprague; and gave Luce a written instrument re-
citing the assignment to them of the judgment, the further loan
to Luce, and the note, and concluding as follows: "Now then if
said Luce shall well and truly pay said note and interest at the,
time specified, the said Berkshire Life Insurance Company
promise and agree to cancel and assign said judgment to the
said Luce, but not otherwise."

At the same time, and as part of the same transaction, Luce
executed to his sureties, on the same paper with the last named
agreement, and of the same date, the following written instru-
ment, under seal:

"In consideration of the above named E. L. Humphrey and
P. L. Page signing the above described note as my sureties, in
case the said Humphrey and Page pay the said note, I hereby
give, grant and assign to them all my right, title and interest in
said judgment above described, and I do in case of such payment
hereby authorize and request said Berkshire Life Insurance Com-
pany to relinquish and transfer all their right, title and interest
in and to said judgment unto them, the said Humphrey and
Page, their heirs and assigns forever."

On May 25, 1872, before its maturity, the note of Luce to the
life insurance company was paid by the sureties, who obtained
a bank discount of a note with Page as maker and Humphrey as
indorser for sixty days, for $1200, and which was paid by a note
of the defendant Warner, indorsed by Page and Humphrey, and
paid September 28, 1872.

The life insurance company, after the lapse of three years
from the time possession was taken for foreclosure, executed to
the sureties at their request an assignment of said judgment,
which was in very guarded form, and referred to the execution
and the assignment of Sprague to said company, for description
of the lands only. This assignment the defendants at the hear-
ing proved was lost. It was never of record, but was in exist-
ence and in the possession of Page and Humphrey on July 27,
1872, and was then examined by the defendant Warner.

On June 24, 1872, the life insurance company executed and
delivered to Page and Humphrey a quitclaim deed of that date,
of all its right, title and interest in the land described in the,
execution.

On July 16, 1872, the resignation of Sidney A. Luce as guardian of the minors was duly accepted in the probate court, and on the same day L. H. Gamwell was appointed and qualified as their guardian.

On July 27, 1872, Page and Humphrey, with the knowledge, consent and coöperation of Gamwell, then guardian of the minors, but without any authority or license from the probate court, and claiming to be sole owners of the land described in the Sprague mortgage, sold to the defendant Warner, who had been one of the bondsmen of Sidney A. Luce as guardian and as administrator, and who had full knowledge and notice, both constructive and actual, at the time of the sale, of the title of the premises, the premises described in said Sprague mortgage, at a public auction, after public notice thereof by handbills and by publication, for the sum of $1700. The actual cash value of the property was a few hundred dollars in excess of this price. Their deed to Warner, which was of quitclaim, was of the same date. On September 26, 1872, Sprague conveyed to Warner all his right, title and interest in the premises for a nominal consideration. Gamwell resigned his guardianship on December 2, 1873, and the plaintiff was appointed guardian in his stead. Before bringing the bill, the plaintiff demanded of the defendants an account of the rents and profits and of the amount due on the mortgage; which they did not render, alleging that the mortgage was foreclosed and that the plaintiff had no right to redeem.

If the plaintiff was entitled to redeem, such decree was to be made as would enable him to do so; otherwise the bill to be dismissed with costs.

*T. P. Pingree. & J. M. Barker*, for the plaintiff.

*A. J. Waterman*, (*E. M. Wood* with him,) for the defendant Warner.

COLT, J.   The defendant Warner denies that the plaintiff has now the right to redeem the premises in dispute, and contends that the mortgage from Mrs. Luce to Sprague, by which he derives title, has been legally foreclosed.

In a suit upon this mortgage, conditional judgment was recovered by Sprague, and an execution for possession was issued dated May 6, 1869. The officer's return of the delivery of seisin

and possession, and the acknowledgment thereof by the attorney of Sprague upon the back of the execution, are both dated May 3, instead of June 3, 1869, which without doubt was the true date. The execution and the officer's return with the attorney's acknowledgment was, however, left for record in the registry of deeds, June 10, 1869, within the time required by law, as appears from the register's certificate upon it.

It is contended by the plaintiff that the return must be taken as it stands, without amendment; and that Sprague's possession, therefore, does not appear to have been obtained in a way which is effectual under the statute to foreclose the mortgage, and cannot so operate, however long continued. The statute provides that possession recovered by a real action in which conditional judgment is rendered, and continued peaceably for three years, shall foreclose forever the right of redemption. Gen. Sts. c. 140, § 1. It is apparent from the date of the execution, and the time of its registration, that the date of the return is an error. The papers as they stand indicate that June 3 was the date intended; but whether so or not, it is certain from the whole record alone, without resort to other evidence, that possession was actually taken by Sprague's attorney under and by virtue of the judgment and execution, on some day after the process was issued, and before June 10, 1869, when it was left for registration. This was enough to commence the foreclosure, and, counting only from the latter date, there is time for three years' possession by the mortgagee, or those claiming under him, before this bill to redeem was filed.

The plaintiff further contends, that, before the defendant Warner acquired title, the mortgage had been paid by Sidney A. Luce, after he became owner of a legal interest in the equity of redemption; or, at least, that there had been a waiver and abandonment of the foreclosure by the holder of the mortgage.

It appears that Sprague's conditional judgment was recovered against Luce as tenant by the curtesy, and also against the two minor heirs of Mrs. Luce, who were all made parties after her death. The point relied on depends upon the effect to be given to the transaction between Sprague, Luce and his sureties, and the insurance company, after judgment had been recovered for foreclosure. The case shows that Luce, desiring to pay Sprague

and obtain a small loan in addition, gave to the company a note dated June 7, 1869, with sureties, payable in three years, for the whole amount, and the company at the same time took an assignment from Sprague, under seal, of his judgment, with all the lands that might be recovered thereon, and agreed, under seal, to assign the same to Luce on payment of the note. The latter agreement recited that the company had satisfied Sprague for the assignment, and had lent Luce a further sum sufficient to make up the amount of the note. At the same time, and as part of the same transaction, Luce gave to his sureties on the note a conveyance under seal of all his interest in the judgment, requesting the company to transfer the same to them in case they—the sureties, should pay the note. The note was, in fact, paid by the sureties shortly before its maturity; and, after the time for foreclosure had expired, the judgment was assigned and the lands described in the execution quitclaimed by the company to the sureties. The sureties, claiming to be absolute owners, shortly after sold and conveyed the premises to the defendant Warner, who had full knowledge at the time of the facts above stated relating to the title. Sprague also about the same time quitclaimed all title in the land to the defendant Warner.

In view of the legal and equitable rights of all parties under the several deeds and assignments, it is plain that the payment of the note by the sureties cannot be construed as a payment of the Sprague mortgage, or as manifesting an intention to waive or abandon its foreclosure; on the contrary the purpose and effect of all the proceedings was to transfer to the insurance company in the first instance, and then to the sureties, the security of the mortgage with the benefit of the judgment for foreclosure and the possession had under it. The amount due was paid Sprague by the insurance company and the judgment assigned by him to them directly; they became, if not the legal, at least the equitable, owners of the mortgage. This title passed to the sureties, was conveyed to Warner, and was confirmed by Sprague's deed conveying whatever legal title may have remained in him.

The mortgage thus held by the insurance company did not lose its character because Luce had given his note with sureties to secure the amount paid Sprague. If Luce had himself paid

that amount, in accordance with his purpose and intention, and the judgment had been transferred to him, the case would have been different, upon the question whether it should be treated as a discharge of the mortgage. It was not paid by him, but by his sureties, to whom it was agreed, both by him and the company, that the security should be transferred to be held by them and applied as indemnity against their liability. They held it after foreclosure by an absolute title, liable to account only for its faithful application. There is no claim that it was not fairly and honestly sold and the proceeds applied by the sureties. No charge of fraud on the part of the defendant is open upon this report. *Bill dismissed, with costs.*