ALPHEUS CURRIER *vs.* BETSY N. BARTLETT.

Essex. Nov. 9, 1876. — March 1, 1877. COLT, DEVENS & LORD, JJ., absent.

In a civil action, judgment was recovered against the defendant on March 1, 1875, and he was arrested on a writ of execution, dated March 2, 1874, which correctly recited the judgment; and the defendant entered into a recognizance under the act for the relief of poor debtors, in the performance of the conditions of which he made default. *Held,* in an action against the surety on the recognizance, that the date of the execution was a manifest clerical error, admitting of correction by an inspection of the entire writ, and that the execution was valid.

CONTRACT on a poor debtor's recognizance. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, on an agreed statement of facts in substance as follows :

Charles H. Bartlett as principal, and the defendant as surety, entered into the recognizance, in the performance of the conditions of which there was a default. Charles H. Bartlett was arrested upon an execution, dated March 2, 1874, which recited that judgment was recovered against him on March 1, 1875.

It was also agreed, if competent, that the execution was in fact issued on March 2, 1875, more than twenty-four hours after

the judgment was recovered, the error in the date being **the** clerical error of the clerk of the court, whence it issued.

*J. P. Jones,* for the defendant.

*S. B. Ives, Jr.,* for the plaintiffs.

AMES, J.   The judgment in the original case was rendered on March 1, 1875.   The execution upon that judgment, although it might have been issued on the second day of March, could not have been issued on that day of March of the preceding year. It therefore bears an impossible date.   This was a mere clerical error, manifest on the face of the paper, and carrying with it the means for its own correction.   The debtor could not have been at a loss for a moment as to the true date.

In *Leonard* v. *Speidel,* 104 Mass. 356, it was held that the error of inserting the name of the plaintiff in the place intended for that of the defendant, in a bond for the dissolution of an attachment, does not necessarily invalidate the bond.   In *Scott* v. *Adams,* 12 Wend. 218, in a capias dated July 7th, and made returnable 8th July next, the court held that the word " next " was a manifest clerical error, and was to be corrected by substituting the word " instant."   In *Bank of Whitehall* v. *Pettes,* 13 Vt. 395, an execution, dated by mistake June 13, 1809, upon a judgment rendered in June, 1839, was held not to be void, for the reason that when the officer looked at the whole execution together, all doubt as to its true date must have disappeared. These decisions establish the rule that in the case of an obvious clerical error, where the whole record taken by itself, without resort to other evidence, furnishes certainty as to the fact, the requisite correction may be made.   As the issue of the execution in this case must have been after and not before the judgment, and also must have been before and not after the debtor was arrested upon it, it is made certain, on the mere inspection of the record, that the true date was March 2, 1875, and not 1874.   See also *Worthy* v. *Warner,* 119 Mass. 550.

*Judgment for the plaintiff.*