JOHN K. CORTHELL *vs.* THOMAS N. EGERY and others.

Piscataquis.    Opinion June 17, 1882.

*Amendment.    Execution.    Judgment debt.    Officer's sale.*

When the only error in an execution is the statement of an insufficient balance as still due on the judgment debt, it is amendable; and when a defect in final process is amendable, it will be regarded as amended in proceedings involving the validity of acts done by virtue of it, unless the rights of third parties have intervened or injustice will thereby be done.

A sale of lands upon execution will not be held void on account of an error of the clerk, which may be amended without prejudice, leaving all parties in the same position they would have occupied, had the execution issued correctly at first.

Formal errors in prior executions do not invalidate a later execution correctly issued.

ON REPORT.

Writ of entry, to recover possession of certain lands in the town of Kingsbury, dated August 20, 1879.    Plea, general issue.

The case was reported to the law court to be decided by nonsuit or default according to the legal rights of the parties.

The material facts are stated in the opinion.

*C. A. Everett*, for the plaintiff, after indicating errors in the statement of the balance of the judgment debt in some of the executions prior to that upon which sale was made, upon which the defendant's title depended, contended that such errors rendered those executions absolutely void.

An execution issued upon a judgment calling for more than the judgment authorizes is not void because the officer collects such sum and thus makes the levy void.    It is the mandate which makes it void.    It is not issued in conformity to the judgment.

An execution returnable in sixty days when it should be one hundred and twenty days is void.    *Bond* v. *Wilder*, 16 Vt. 393 ; *Fifield* v. *Richardson*, 34 Vt. 410 ; *Wilson* v. *Fleming*, 16 Vt. 649.    A warrant returnable in ninety days instead of three months is fatally defective.    *Waterville* v. *Barton*, 64 Maine, 321.

Some of the prior executions had nothing written upon them

to show they were unsatisfied. And others had a certificate to that effect by a person whose authority to make it does not appear. A new execution could not issue in such a case. And none but the last execution was issued against the land in Kingsbury "whether owned by said inhabitants or not." For some or all of these reasons prior executions were void and it is respectfully contended that a new and valid execution cannot issue upon the return of a void execution. Counsel further elaborately argued the questions presented by the report, citing *Prescott* v. *Prescott*, 62 Maine, 428; Howe's Pr. 275, 276.

*Wilson and Woodard*, for the defendants, cited: *Pierce* v. *Strickland*, 26 Maine, 277; *Tibbetts* v. *Estes*, 52 Maine, 566; *Chaplin* v. *Barker*, 53 Maine, 275. Counsel added, "another point which we make in this case, is, that the statute under which title is claimed, by both parties in this case originally is a statute title. It is a title derived by sale upon execution, of property of an owner of property in a town, against the town itself."

"Such legislation is unconstitutional, and all acts under the legislation are void. 14 Amendment to Constitution, § 1, "Due process," &c. This doctrine is announced and maintained in *Meriwether* v. *Garrett*, 102 U. S. Reports, 11 Otto, 472. Opinion of Chief Justice WAITE, page 501; opinion of Mr. Justice FIELD, page 519; opinion of Mr. Justice STRONG, page 526.

"If now this court is prepared to meet the question and take the ground taken by the Supreme Court, which certainly seems tenable, both parties are claiming under defective title, and the condition of the one in possession is the better, and the judgment must be for the tenant."

SYMONDS, J. In this real action, the demandant, to prove title, introduces a warranty deed of the demanded premises from John S. Abbot to William E. Hewes, dated September 11, 1863; and we understand the report to intend that the title is regularly traced, by mesne conveyances, from the grantee in that deed to the demandant, though the deeds are not all in the case.

It is not denied that the title of John S. Abbot, which the demandant so holds, is derived from Andrew Wiggin, purchaser at a sheriff's sale of the lands on an execution dated July 30,

1861; which was the sixth execution issued upon a judgment recovered by William Tarbox, administrator, against the inhabitants of the town of Kingsbury, at the August term, 1855, of the Supreme Court in Kennebec.

The tenant's title is derived through mesne conveyances from Isaac R. Clark, purchaser at a sheriff's sale upon the tenth execution issued upon the same judgment, dated January 14, 1868.

It is a peculiarity of such a proceeding against a town that, other things being equal, the later sale gives the better title; the remedy of the prior purchaser upon the execution, like that of the original land owner, being against the town. R. S., c. 84, § § 29, 31.

The first objection urged against the validity of the sale on the tenth execution, under which the tenant claims, is that this, as well as some of the prior executions, did not follow the judgment; that the clerk in several instances, while describing the judgment correctly, was at fault in his computation and statement of the amount remaining due; and in some cases in inserting what was substantially a requirement for the payment of interest upon interest.

Such errors undoubtedly appear. But in all the executions the original judgment is described with substantial accuracy, so as to be clearly identified, the debt and costs correctly stated, the mistakes occurring in the statement of the amounts unsatisfied; and when the tenth execution is reached, it is a mere matter of computation to show that the clerk's statement of the amount " whereof execution remains to be done " is less than was in fact legally due upon the judgment as originally entered.

It is not necessary now to determine how far advantage can be taken, indirectly and collaterally, of errors of this sort, to impair the validity of the acts of the officer proceeding under process in due form, but we think it clear and according to the authorities, that when as in this case the only error is the statement of an insufficient balance as still due upon the judgment debt, it is amendable; and when a defect in final process is amendable, in proceedings involving the validity of acts done by virtue of it it will be regarded as amended, unless the rights of

third parties have intervened or injustice will thereby be done. *Hayford* v. *Everett*, 68 Maine, 505 ; *Caldwell* v. *Blake*, 69 Maine, 458. A sale of lands upon execution will not be held void on account of an error of the clerk which may be amended, without prejudice, leaving all parties in the same position they would have occupied, had the execution issued correctly at first.

The only result of a correction of the error here would be to show a small amount still remaining due upon the tenth execution, instead of its being fully satisfied, as the officer returned it. It makes the last levy one in partial satisfaction, instead of one in full satisfaction, of the execution ; but we do not see why it should render it invalid as against the demandant's title. The levy under which he claims was one in partial satisfaction of the judgment debt.

While there is some conflict in the cases relating to this subject, we think the weight of authority sustains the tenant's title, against the objection which has been considered. *Wright* v. *Wright*, 6 Green. 415 ; *Chase* v. *Gilman*, 15 Maine, 64 ; *Colby* v. *Moody*, 19 Maine, 111 ; *Smith* v. *Keen*, 26 Maine, 420 ; *Rollins* v. *Rich*, 27 Maine, 557 ; *Morrell* v. *Cook*, 31 Maine, 120 ; *Campbell* v. *Stiles*, 9 Mass. 217 ; *Blake* v. *Blanchard*, 48 Maine, 297 ; *Burrell* v. *Burrell*, 10 Mass. 221 ; *M'Gee* v. *Barber*, 14 Pick. 212 ; *Currier* v. *Bartlett*, 122 Mass. 133 ; *Avery* v. *Bowman*, 40 N. H. 453 ; *Perry* v. *Whipple*, 38 Vt. 278 ; *Willard* v. *Whipple*, 40 Vt. 219 ; *Phelps* v. *Ball*, 1 John. Cas. 31 ; *Bissell* v. *Kip*, 5 Johns. 100 ; *Jackson* v. *Walker*, 4 Wend. 462 ; *Jackson* v. *Anderson*, 4 Wend. 474.

In *Prescott* v. *Prescott*, 62 Maine, 428, which holds that the levy of an execution exceeding the amount of the judgment is void, the court, by implication at least, excludes from the rule there established cases in which the error is "that of the court in making an erroneous computation of the amount due, which, perhaps, might be rectified ;" citing *Avery* v. *Bowman*, supra, in which the fault was on the part of the clerk. But that point need not now be considered. Here, there is no such excess.

"These decisions establish the rule that in the case of an

obvious clerical error, where the whole record taken by itself, without resort to other evidence, furnishes certainty as to the fact, the requisite correction may be made." *Currier* v. *Bartlett, supra.*

The other objections taken to the validity of the levy of the tenth execution, such as the omission from the first nine executions of the words, "whether owned by said inhabitants or not," in the description of the real estate to be levied on, and of the names of the assessors in the officer's return of the notice served upon them before making the last levy, are not such, we think, as to defeat it. Formal errors in prior executions do not invalidate a later execution correctly issued. Nor can any irregularity, such as is alleged, in the manner of returning some of the earlier executions, have that effect. There is no evidence that either execution was issued till the previous execution had been returned by the officer or by an attorney purporting to act for the judgment-creditor to that extent; nor that anything was done by virtue of either of the executions which was not properly returned by an officer. Of the two executions dated January 5, 1859, one appears upon its face to be a rough draft, and the other the execution in the amended and completed form. The latter is returned by an attorney in no part satisfied. The history of the former does not appear.

Our conclusion is, after examining all the grounds taken in the elaborate argument for the demandant, that under the stipulations of the report, a nonsuit should be entered. No constitutional questions in regard to the levying of executions against towns upon private property are here involved; as in this respect the title of the demandant and that of the tenant are on equal footing, and the tenant has the possession.

*Demandant nonsuit.*

APPLETON, C. J., BARROWS, VIRGIN and PETERS, JJ., concurred.