## GEORGE T. DEWEY *vs.* DURWALD A. PEELER.

Worcester.    October 3, 1893. — March 28, 1894.

Present : FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Variance between Judgment and Execution caused by Error of Clerk of Court — Allowance of Amendment to Execution on Motion in subsequent Action in same Court.*

The Superior Court has power, where there is a variance between the judgment and the execution issued thereon in an action, which is found to have been caused by a clerical error of the clerk of the court, to allow an amendment, substituting in the execution the name of "A., administrator with the will annexed," for the name "A., special administrator," so as to make the execution accord with the judgment; and it is no objection to the allowance of the amendment that the motion therefor was not made in that action, but in a subsequent action to recover land which was attached in the original action as having been fraudulently conveyed to the present defendant, and upon which the execution was levied, both actions having been brought in the same court for the same county.

LATHROP, J.   This is a writ of entry to recover possession of a parcel of land in Westminster.   In a previous action brought by George T. Dewey, special administrator of the estate of Sarah Boyden, against Maria L. Peeler, the land in question had been attached, as standing in the name of the tenant, having been fraudulently conveyed to him.   During the pendency of the action against Maria L. Peeler, Mr. Dewey was appointed administrator with the will annexed of the estate of Boyden, and was allowed to appear and prosecute the action.   A verdict was returned in his favor, and a judgment was entered for him as administrator with the will annexed of the estate of Sarah Boyden.   On this judgment execution issued to " George T. Dewey, special administrator of estate of Sarah Boyden."   This execution was levied on the land in question by a deputy sheriff, and the land was sold to the demandant.   The judgment, execution, officer's return, and sheriff's deed thereunder, were put in evidence ; and there was also evidence that the land was fraudulently conveyed to the tenant.

The tenant asked the judge, who tried the case without a jury, to rule that, on account of the variance between the judgment

and the execution, the title did not pass to the demandant. The judge refused so to rule, and found that the variance was a clerical error of the clerk of the court, and might be amended. He also allowed an amendment, substituting in the execution the name of " George T. Dewey, administrator with the will annexed," for the name " George T. Dewey, special administrator," so as to make the execution accord with the judgment. The motion for this amendment was entitled, " George T. Dewey *vs.* Durwald A. Peeler." The judge found for the demandant; and the tenant excepted to the refusal of the judge to rule as requested, to the allowance of the amendment, and to the finding for the demandant. Both the original action and the present action were brought in the Superior Court.

There can be no doubt of the general power of a court to amend its records or its processes so as to make them conform to the truth. *Balch* v. *Shaw*, 7 Cush. 282. *Fay* v. *Wenzell*, 8 Cush. 315. *Parker* v. *Warren*, 2 Allen, 187. *Merrill* v. *Kaulback*, 158 Mass. 328. *Cawthorne* v. *Knight*, 11 Ala. 268. The result, therefore, is the same, whether an execution is considered as a part of the record in the case in which it was issued, or as a separate process of the court.

While an execution should follow and conform to a judgment, it is clear that an amendment may be allowed if the execution can be so identified with the judgment and the record on which that judgment is founded that the court can find data by which to make the amendment. *Bishop* v. *Hall*, cited in *Wells* v. *Dench*, 1 Mass. 232. *Currier* v. *Bartlett*, 122 Mass. 133. *Nims* v. *Spurr*, 138 Mass. 209. *Morse* v. *Dewey*, 3 N. H. 535. *Blake* v. *Blanchard*, 48 Maine, 297. *Hayford* v. *Everett*, 68 Maine, 505. *Corthell* v. *Egery*, 74 Maine, 41. *Buswell* v. *Eaton*, 76 Maine, 392. *Lewis* v. *Avery*, 8 Vt. 287. *Whitehall Bank* v. *Pettes*, 13 Vt. 395. *Bissell* v. *Kip*, 5 Johns. 89. *Jackson* v. *Anderson*, 4 Wend. 474. *Wright* v. *Nostrand*, 94 N. Y. 31, 47. *Rose* v. *Ingram*, 98 Ind. 276. In these cases amendments were allowed to make executions conform to judgments, or irregularities were treated as amended without a formal motion being made. See also Herm. Ex. §§ 66 *et seq.*; 1 Freem. Ex. §§ 63, 67 *et seq.*

In the case at bar the judge below found that the variance in the execution was a clerical error of the clerk of the court. We

have no power to revise his finding of fact; and it cannot be said that, on the record before him, he was not fully warranted in so finding.

We are not called upon in this case to determine how far an amendment can be made which affects injuriously the rights of third parties. The finding in this case was in favor of the demandant; and this shows that the tenant was not a *bona fide* purchaser of the land, but had no better title to the land than the defendant in the original action, as whose property it was attached and sold on execution to the demandant.

It is further objected, that the amendment was made on a motion in the case at bar, and that it should have been made in the original action. To this there are two answers. Both actions were in the Superior Court for the same county. 1. It was in the power of that court to amend its records or its processes of its own motion, upon the motion or suggestion of any one, so as to make them conform to the truth. *Balch* v. *Shaw*, 7 Cush. 282. 2. Where, from an inspection of the record in a case, the court can see that the error is merely a clerical one, it may either, if the record is in that court, amend the error, or treat it as amended, whether the record is in that court or not. *Johnson* v. *Day*, 17 Pick. 106. *Worthy* v. *Warner*, 119 Mass. 550. *Currier* v. *Bartlett*, 122 Mass. 133. *Morse* v. *Dewey*, 3 N. H. 535. *Corthell* v. *Egery*, 74 Maine, 41. *Lewis* v. *Avery*, 8 Vt. 287. *Hayford* v. *Everett*, 68 Maine, 505. There is also authority for the proposition that where an execution is not void but voidable only, and therefore amendable, errors in it cannot be taken advantage of in a collateral action. *Bissell* v. *Kip*, 5 Johns. 89. *Hunt* v. *Loucks*, 38 Cal. 372. *Wright* v. *Nostrand*, 94 N. Y. 31, 47, and cases cited. Without relying upon this proposition, we are of opinion that, for the other reasons stated, the order must be,

*Exceptions overruled.*

*W. S. B. Hopkins*, for the defendant.
*T. G. Kent*, for the plaintiff.