L. W. ALEXANDER AND OTHERS v. JOHN F. MILLER'S EX'ORS.

A defendant in execution may expressly waive objections to the manner in which the levy has been made ; as if, where there is no appraisement, the levy is made on a certain tract of land, or so much thereof as will satisfy the execution, commencing at a given corner ; or after being so made, is altered before advertisement, so as to make the land to be sold commence at a different corner of the tract ; if, indeed, such facts constituted any valid objection to the levy.

A purchaser of property which has been previously sold under execution as the property of his vendor, occupies no better position than his vendor, on a

question as to the validity of the execution sale, and cannot claim any benefit from the fact that he did not have actual notice of acts of his vendor, before and at the time of the sale, which are relied on to cure irregularities in the levy and sale.

Where it was objected to a sale of land under execution, by a subsequent purchaser from the defendant in execution, that the judgment offered in evidence was rendered on the 6th, whereas the execution purported to be issued on a judgment rendered on the 9th of the same month, the Court said: The misdescription in the date of the entry of judgment is conclusively shown to have been a mere clerical mistake. It must have been such, because there was no such judgment rendered on the 9th, but it was on the 6th of September the judgment was rendered. The 9th was the day of the adjournment of the Court, and that accounts for the mistake. The execution described the judgment which was rendered on the 6th, accurately in every particular, except the date of its rendition; and that was not material, as the judgment was otherwise sufficiently identified.

Description in a levy as follows : "Levied on fourteen labors off of the Gilleland league of land, or so much of said tract, as will satisfy the within execution, commencing at the N. E. corner;" proof that at the time of the levy the defendant in execution was the owner of thirteen and four-sixth labors off of the upper part of the Gilleland league, commencing, &c. : Held that the word "tract" referred to the words "fourteen labors," and that the place of commencement referred to, in the event supposed, was the N. E. corner of said tract supposed to contain fourteen labors : Held also, that the description in the levy was not so uncertain and vague as to invalidate the sale.

Appeal from Colorado. Tried below before the Hon. Nelson H. Munger.

Reports of this case, on two former appeals, will be found in 8 Tex. R. 36, and 13 Id. 497. The reader is referred to those reports, for the principal facts in the case. On the last trial, objection was taken to the execution, on the ground that it purported to have been issued on a judgment rendered on the 9th of September, 1843, whereas the judgment which had been introduced in evidence, was rendered on the 6th. The execution conformed to the judgment in all other particulars ; and it appeared that the 9th was the day of the adjournment of the Court for the Term. There was no such judgment on the 9th. The objection was overruled.

The testimony as to the levy was as follows :

K. Walker testified that he was attorney for plaintiff in the judgment and execution introduced as above ; was also agent for Miller, the purchaser ; that Miller was not present at the sale ; that he, Walker, acted for him, bid the land off and attended to the matter for him throughout ; that the first entry on the execution was made, and after it was done, he Walker went out hunting, and happened to go over the land of Lewis, on the Gilleland league, and, in doing so, discovered a beautiful prairie of rich land that pleased him, and upon getting back he had the levy changed so as to include the prairie ; that it would not have included it, commencing at the N. W. corner, but he found to commence at the N. E. corner it would include it, and this was the reason of- the change ; that the second entry or levy was made by himself in his own handwriting and was signed by the Deputy Sheriff ; that the second entry, changing to the N. E. corner, was made shortly after the first ; that on the day on which the land was advertised to be sold in June, 1844, Lewis the defendant came up just before the sale was to take place, and applied to him for a postponement until the first Tuesday in August of 1844, so as to enable him to raise the money ; that Lewis importuned him to postpone it and he finally agreed, and Lewis went at once into a store and wrote and delivered the letter which is in evidence ; that the execution was not present at any conference he had with Lewis ; he does not know that he saw it ; don't know whether he did or not ; he did not see him at Columbus after the day just named ; that he thinks the second entry was made on the execution, before Lewis wrote the letter ; feels confident it was, because it was made shortly after the first ; that the land was advertised a second time, and the part in controversy sold on the first Tuesday in August, 1844, and purchased by him as agent for Miller ; that no money was paid, but it was arranged between Perry (the plaintiff in execution) and Miller ; that the Sheriff offered for sale an indefinite number of acres,

sufficient to satisfy the execution, at so much per acre, commencing at the N. E. corner and to run across the tract, and thence far enough for quantity, to pay all due on the execution ; that after the land was bought by him as agent of Miller he (witness) and the Sheriff, or perhaps, the Sheriff alone, made the calculation of the amount due on the execution, and the amount of land at 25cts. per acre that it would take to pay it, and when this was ascertained, the deed was made ; that Lewis authorized Mr. Burns, a partner of his to point out this tract of land to be levied on.

It was in evidence that at the time of the levy, Lewis was the owner, by conveyance from Gilleland, of thirteen and four-sixths' labors of the Gilleland league, off of the upper part of said league, commencing at the upper corner &c., defining the boundaries. The description in the Sheriff's deed was as follows : I have seized and taken of the lands and tenements of the said Ira R. Lewis, a certain tract or parcel of land lying and situate in the county of Colorado, on the river Colorado, being a part of the Gilleland league, and consisting of fourteen labors ; which said tract, seized as above, commences at the north-east corner thereof and runs thence south with the length of the whole tract, thence west and north for quantity, so as to embrace six hundred and eighty-two acres of land in the survey.

Verdict and judgment for the plaintiff. Motion for new trial overruled, &c.

*J. W. Harris*, for appellants.

*G. W. Smith*, and *J. B. & G. A. Jones*, for appellees.

WHEELER, J. If the alteration in the levy was made, as there is no reason to doubt that it was, before advertisement or notice, or anything done under the levy as first made, it

Alexander v. Miller.

can have worked no injury to the defendant in execution ; and it is not perceived that there is anything in the mere fact of such alteration, that should invalidate the levy. Nor is it perceived that it is any objection to the levy, as finally made, that it was at the instance of the attorney of the plaintiff in execution. (Bryan v. Bridge, 6 Tex. R. 137 ; Sydnor v. Roberts, 13 Id. 598, 622.) But if there was any valid objection to the levy, it was expressly waived by the defendant in execution, before the sale. It is evident from his letter of the 6th of June, that he was fully apprised of the levy and advertisement ; and he thereby expressly ratified the levy " as made," waived all legal exceptions to the proceedings under the execution, and authorized the sale of the land " so levied upon," &c. The alteration in the levy had been previously made ; and the defendant in execution doubtless knew how the levy then stood. It was his business to know, when he undertook to ratify the levy as made ; there was nothing to prevent his knowing ; and it would be unreasonable to suppose he did not know ; doubtless he did know the precise state of the case. Clearly his ratification of the levy was a waiver of the objection, if any valid objection to the manner in which the levy had been made, did, in fact, exist.

It is objected that the defendants, when they purchased, had no notice of this letter. They, however, had notice of the levy and sale. This point was fully determined when the case was first before us. (Miller v. Alexander, 8 Tex. R. 36.) Notice of the sale was notice of the proceedings therein. The defendants had notice of the levy ; and we have heretofore decided that was, *prima facie*, legal and valid. (Miller v. Alexander, 13 Tex. R. 497.) There is therefore nothing in the objection of want of notice.

The misdescription in the date of the entry of judgment is conclusively shown to have been a mere clerical mistake. It must have been such, because there was no such judgment rendered on the 9th, but it was on the 6th of September the judg-

ment was rendered. The 9th was the day of the adjournment of the Court, and that accounts for the mistake. The execution describes the judgment which was rendered on the 6th, accurately in every particular, except the date of its rendition; and that was not material, as the judgment was otherwise sufficiently identified. There could be no mistaking the judgment on which the execution issued.

The only remaining objection to the judgment, which is deemed to require notice, is that now first taken in this Court, having reference to the identity of the land which was levied on and sold. It is objected that the levy and sale were of land off of the north-east corner of the Gilleland league, and not off of the tract or parcel of the league previously conveyed by Gilleland to Lewis, the defendant in execution. This objection was not taken in the Court below. There was no question then made as to the identity of the land actually sold and conveyed by the Sheriff's deed. It has evidently always been well understood by all concerned, that it was the north-east corner of the tract conveyed to Lewis, out of the league' and not the north-east corner of the league, that was levied on and sold. The objection now taken rests on the description in the levy and deed; particularly the latter. On an attentive consideration of the terms of the levy and deed, we are of opinion that the objection is barely plausible, not sound. The levy is in these words: "By virtue of the within execution I "have levied on fourteen labors of the Gilleland league of land, "or so much of said tract as will satisfy the within execution, "commencing at the north-west corner." The subsequent entry is: "Tract to be offered to commence at the north-east "corner thereof." The "tract" evidently has reference to the "fourteen labors off of" the league; and the "north-east corner thereof" as evidently has reference to this tract, and not as is supposed, to the north-east corner of the Gilleland league. This seems plainly enough to be the meaning of the terms in which the levy is expressed. The language of the deed is as

little susceptible of the construction contended for. It is as follows : " I have seized and taken of the lands and tenements " of the said Ira R. Lewis, a certain tract or parcel of land " lying and situate in the county of Colorado, being a part of " the Gilleland league, and consisting of fourteen labors, which " said tract, seized as above, commences at the north-east cor- " ner thereof," proceeding to describe the boundaries of the six hundred and eighty-two acres sold off the tract of fourteen labors to satisfy the execution. It is perfectly plain, that the land " seized and taken" as the property of the defendant in execution, is the " tract or parcel" of land which was " a part of the Gilleland league ;" and that the " tract or parcel," is that which is described as " consisting of fourteen labors ;" and that when it is added, " which said tract, seized as above, commences at the north-east corner thereof," it means the north-east corner of the " said tract," of fourteen labors, as plainly as if it had been so expressed. The apparent ambiguity arises from the reference to the league, by way of description, of which this tract is a part. When duly considered, there is no real ambiguity, or difficulty as to the identity of the land levied on and sold. It is very evident from the pleadings and evidence in the case, that none of the parties concerned have been misled by any want of certainty in the levy and deed : they have never given the construction to the levy now contended for. The reference, upon a former appeal to the corner of the league, was an inadvertence. This question was not then made or considered. The description of the land is not as certain and clear as it might have been ; but it is sufficiently so to leave no room for doubt or mistake as to the land really intended. Upon the whole we are of opinion that there is no error in the judgment and it is affirmed.

Judgment affirmed.