BENJAMIN F. SIMPSON *vs.* JOHN A. DIX.

Middlesex.   January 18. — April 6, 1881.   COLT & FIELD, JJ., absent.

A mortgagee of land, who has once entered to foreclose his mortgage, need not, in a writ of entry to recover the same, allege his seisin to be in mortgage; and the Gen. Sts. *c.* 129, § 3, and *c.* 140, § 3, do not apply.

The term "Junior" is no part of a man's name.

If a son, who bears the same name as his father, buys land in his own name, without the designation of "Junior" added thereto, there is no presumption of law that he intended that his father should take the title to the land.

If land is conveyed to J. S. and there are two persons of that name, a father and son, there is no presumption that the father is intended; and evidence is admissible to show who is the grantee.

A trustee holding the legal title to land need not in a writ of entry set forth that he is trustee.

A writ of entry, to recover three parcels of land, to two of which the demandant claims title under a foreclosure of a mortgage, and to all as trustee under the will of the mortgagor, can be maintained as to the parcels included in his

mortgage, through his title as mortgagee, and as to all the demanded premises through his title as trustee; and the mortgage and will are admissible in evidence.

The declarations of a person while in possession of land, in disparagement of his own title, are admissible against one claiming under him.

If a motion to have the deposition of a witness, taken *in perpetuam* under a commission from this court, under the Gen. Sts. c. 131, §§ 54–58, recorded in the registry of deeds, under § 57, is denied by the court, the deposition is inadmissible in evidence; and the subsequent recording of it, without the order of the court, does not give it any validity.

WRIT OF ENTRY to recover three parcels of land lying partly in Chelmsford and partly in Billerica. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

The demandant claimed title to the demanded premises under Daniel Eastman, Junior. The tenant claimed title thereto under Daniel Eastman, the father of Daniel Eastman, Junior. Both father and son lived in the same town when the demanded premises were purchased. The son died October 5, 1877; the father died June 15, 1879; each leaving a will, which has been admitted to probate. The premises were purchased at different times of different vendors, who severally received their purchase money from the hand of Daniel Eastman, Junior, who negotiated said purchases; and the conveyances thereof all run to "Daniel Eastman," without otherwise designating the grantee, and they were delivered to the son.

Daniel Eastman, Junior, by his last will, devised all his estate, both real and personal, to the demandant, in trust, to hold the same during the lifetime of his brother, Ebenezer Eastman, and, on the death of Ebenezer, devised the same to his brother's children. He also executed and delivered to the demandant a conveyance in mortgage of two of said parcels of land on August 24, 1877.

The demandant was allowed, against the tenant's objections, to put in evidence the will of Daniel Eastman, Junior, and said mortgage, and also the record, duly recorded on June 30, 1879, of an entry made by him under said mortgage, June 28, 1879, for the purpose of foreclosure; and he claimed to recover said two parcels, being the second and third described in the declaration, as mortgagee, and also to recover said three parcels as trustee under the will, although he did not describe himself in the writ

and declaration as mortgagee or as trustee. The judge, against the tenant's objection, ruled that the demandant could so recover if he could support his alleged title.

Evidence was offered by the demandant, and admitted against the tenant's objection, tending to show that the elder Eastman had told the witnesses testifying thereto, while he was living on the demanded premises with his son, Daniel Eastman, Junior, that the premises belonged to the son.

The tenant introduced evidence tending to show that the younger Eastman was commonly known as "Daniel Eastman, Junior," and signed his name so; that he acted merely as his father's agent in the purchase of said premises, and that the elder Eastman paid therefor. He also put in evidence the elder Eastman's will, (by which, as the tenant contended, he bequeathed the demanded premises to his son, Ebenezer S. Eastman,) together with a conveyance thereof, dated August 11, 1879, for a valuable consideration, from Ebenezer to the tenant; also evidence tending to show that from the time of the first-mentioned purchase until his death the elder Eastman lived on and occupied said premises together with his son, Daniel; that from the elder Eastman's death until the last-mentioned conveyance Ebenezer S. Eastman lived thereon and occupied the same; and that ever since the date of the last-mentioned deed the tenant had lived thereon and occupied the same.

The tenant also introduced evidence tending to show that Daniel Eastman, Junior, and the demandant had stated to the tenant that the elder Eastman owned the demanded premises; that Daniel Eastman, Junior, had made similar statements to others, who had informed the tenant thereof; that the tenant had relied on these statements in purchasing the demanded premises of Ebenezer S. Eastman; and also offered evidence tending to show that the demandant and his attorney had stated in the Probate Court that the *cestui que trust*, Ebenezer S. Eastman, was dead.

The tenant also offered in evidence the deposition of the elder Eastman, taken on March 25 and 27, 1879, *in perpetuam*, on a petition to the Supreme Judicial Court, under the Gen. Sts. c. 131, §§ 54–58, containing testimony tending to show, among other material facts, that the deponent purchased the demanded

premises and paid for the same out of his own money, his son Daniel acting as his agent therein; but the judge excluded the deposition, on the ground that it had not been duly recorded, and that a motion to have the same recorded had been denied by the court. The deposition was recorded with Middlesex Northern District deeds, on May 31, 1879.

There was evidence that Daniel Eastman, Junior, did business in Lowell, while his father lived in Vermont for many years, and that both before and after his father came to live with him on said premises he often signed his name " Daniel Eastman," and used for his own name " Daniel Eastman " without " Junior."

The tenant asked the judge to rule as follows: " 1. The demandant, having set up in his writ an absolute title, and none other, in the demanded premises, cannot have judgment for a title therein as mortgagee. 2. If the younger Eastman purchased the demanded premises in the name of ' Daniel Eastman,' and paid the consideration therefor, he is presumed in law to have intended that his father should take the same as a provision for himself in his old age; and, in the absence of evidence to rebut that presumption, the father took the premises free from any implied or resulting trust. 3. Although the court should find that Daniel Eastman, Junior, and not the elder Eastman, was the person intended to be named as grantee in the deeds of the demanded premises, yet, if Daniel Eastman, Junior, stated or represented to the tenant, prior to the tenant's purchase of said premises, that said premises were the property of the elder Eastman, and if the tenant relied on said statements and representations, and purchased said premises in good faith for a valuable consideration, then Daniel Eastman, Junior and all claiming under him are estopped in law to deny the tenant's title. 4. If Daniel Eastman, Junior took all the conveyances in the name of ' Daniel Eastman,' Daniel Eastman, Junior and all claiming under him are estopped in law to deny the title of the elder Eastman or the tenant therein. 5. If the demandant told the tenant that said premises belonged to the elder Eastman, or if he told other persons that said premises belonged to the elder Eastman, and those persons communicated that fact to the tenant prior to his said purchase, and if the tenant

thereafter made said purchase, relying on said statements and for a valuable consideration, then the demandant is estopped in law to deny the tenant's title therein.   6. Since both Eastmans bore the same name and lived in the same precinct, said conveyances to 'Daniel Eastman' are presumed to run to the elder of that name, and such presumption cannot be controlled by parol testimony."

The judge gave the third and fifth rulings asked for; refused to give the others ; and ruled as follows : " The question is, which of these parties was the Daniel Eastman to whom the premises were conveyed, and I find upon the evidence that the conveyances were all made to Daniel Eastman, Junior, and he was the party intended as grantee, and Daniel Eastman, Senior, was not the grantee in either of said deeds.   The demandant may recover, through his title as mortgagee, the lands included in the mortgage admitted in evidence, and he may recover all the demanded premises as trustee under Daniel Eastman, Junior's will, and he may have judgment in this action."   The tenant alleged exceptions.

*R. B. Caverly & C. Cowley,* for the tenant.

*D. S. Richardson, (J. W. Reed* with him,) for the demandant.

SOULE, J.   If the demandant had any title whatever to the demanded premises on the facts disclosed by the bill of exceptions, the tenant had none, because the tenant's claim of title was based on the ground that he was grantee of the owner, and that the demandant's grantor and devisor never had any title to the premises.   The action was not brought, therefore, for the foreclosure of the mortgage held by the demandant, but to defend the possession and right to possession under his entry, against a stranger who was in, claiming title.   It was unimportant to the tenant, therefore, whether the demandant was mortgagee or absolute owner of the fee.   He could maintain his action against a stranger precisely as well in the one case as in the other.   *Haven* v. *Adams,* 4 Allen, 80.   *Richardson* v. *Hildreth,* 8 Cush. 225.   *Fletcher* v. *Cary,* 103 Mass. 475.   So far as relates to his rights as mortgagee, the demandant's action stands merely as that of one having a possession earlier than that of the tenant, who has no title.   *Hubbard* v. *Little,* 9 Cush. 475. When the mortgagee brings an action to foreclose his mortgage,

he must count on his own seisin in mortgage. Gen. Sts. *c.* 129, § 3; *c.* 140, § 3. This provision is reasonable, because the tenant in such case is entitled to have a conditional judgment entered. But when the controversy is between a mortgagee in possession and a stranger to the title who disseises him, the statute provision does not apply, because it was not intended for such a case and would have no significance, and would serve no purpose.

The term " Junior " is no part of the name of a person. It is a term used to designate and describe the person, as the name of his residence is sometimes used for the same purpose. *Commonwealth* v. *Perkins*, 1 Pick. 387. *Cobb* v. *Lucas*, 15 Pick. 7. There was no presumption, therefore, that if Daniel Eastman, the son, bought the demanded premises in the name of Daniel Eastman, without the designation of " Junior" added to the name, he intended that his father should take the same. The refusal so to rule was correct. The fourth and sixth rulings asked for were properly refused. There being evidence that Daniel, the son, paid for the demanded premises, and the conveyance having been taken in a name which was his as well as his father's, and there being evidence tending to show that Daniel, the son, acted merely as agent for his father in the matter, and that the father paid for the land, it was a pure question of fact whether the father or the son was the purchaser of the land and the grantee in the deeds by which it was conveyed. *Kingsford* v. *Hood*, 105 Mass. 495.

It was not necessary that the demandant should set forth in his writ or declaration that he was trustee. He stood on his legal title, a seisin in himself, against one whom he alleged to be a disseisor, and who was a stranger to the title, as the demandant claimed it to be. The bill of exceptions does not disclose the fact, if it was a fact, that the *cestui que trust* was dead before the action was brought, or before it was tried, and we cannot assume that there was error in any ruling at the trial as to the continuance or termination of the trust estate.

The ruling was correct that the demandant could maintain his action as to the lands included in the mortgage through his title as mortgagee, and as to all the demanded premises as trustee under the will of Daniel Eastman, Junior, it having been found

as a fact that Daniel Eastman, Junior, was the purchaser of the lands and the grantee intended in the deeds.

It is clear from what has already been said, that the will of Daniel Eastman, Junior, and his mortgage to the plaintiff, were competent evidence.

The admissions of the elder Eastman, under whom the tenant claimed title, made while he was occupying the premises with his son, that they belonged to his son Daniel, were competent under a familiar and well-settled rule of law. *Osgood* v. *Coates*, 1 Allen, 77.

The deposition of Daniel Eastman, Senior, was properly excluded. It was offered as a deposition taken according to the provisions of law for perpetuating testimony, on application to this court, and under a commission from it. Such depositions are evidence only when all the requirements of the statute have been complied with, and the omission of anything named in the statute as to be done in perfecting them entirely destroys their competency against any party objecting to them. This is the rule as to depositions taken to be used in actions pending. *Simpson* v. *Carleton*, 1 Allen, 109. It applies with even more force to depositions taken *in perpetuam*. Such a deposition taken under a commission from this court is evidence only in case it has been recorded in the registry of deeds by order of the court. Gen. Sts. *c*. 131, §§ 57, 58. The deposition of Eastman was not ordered to be recorded, but a motion to have it recorded was denied by the court. This prevented the deposition from becoming a valid deposition *in perpetuam*, and the subsequent recording of it, without the order of the court, did not give it any validity. *Exceptions overruled.*