SLIGO FURNACE COMPANY v. JOHN COOMBS et al.; MATTIE J. KOST WARD and MINNIE HESSLER, Appellant.

Division One, March 14, 1922.

1. **SUIT TO DETERMINE TITLE**: Tax Title: Publication: Record Owner: Name. In a tax suit, where the record owner of the land was "Dr. John Kost," a publication and judgment against "John Kost" was sufficient.

2. ———: ———: Sheriff's Deed: Mistake in Defendant's Name. Plaintiff in this suit to determine title to land claimed title by mesne conveyances from purchasers under judgment for taxes rendered against John Kost and others, on service by publication, defendants being heirs of Kost. The files in the tax suit were lost. The record showed a proper order of publication requiring defendants to appear on the fourth Monday in October, 1880, legally published and a judgment conforming to the order of publication in all respects and entered November 3, 1880. The sheriff's deed, put in evidence, followed the order of publication and judgment as to names of parties, years for which taxes sued for had accrued, description of land, and total amount of taxes for which judgment was rendered in all particulars except that it recited a sale under a judgment "rendered October 30, 1880" and named "John Kast" instead of "John Kost" as one of the defendants. *Held*, (1) that the court would presume that the sheriff sold under a valid *fieri facias* the judgment being valid; (2) that deed was amendable as against Kost and also against defendants, his heirs; (3) that the reference in the deed to the judgment clearly identified it and made it a part of the deed for all purposes and therefore sufficiently showed that Kost was interested and that the inadvertent spelling "Kast" was merely a clerical misprision; (4) that the two names are *idem sonans;* and (5) the deed is valid. (WOODSON, J., dissenting.)

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*Arthur T. Brewster* and *Sam M. Brewster* for appellants.

(1) Kast and Kost are not *idem sonans.* Myers v. DeLisle, 259 Mo. 506; Williams v. Grudier, 264 Mo. 228; Graton v. Land & Lumber Co., 189 Mo. 322; Geer v. Mo. L. & M. Co., 134 Mo. 85; Scarry v. Lumber Co., 233 Mo. 690. (2) The sheriff's tax deed is void for the reason that the tax proceedings on which it depends for its validity was not against the record owner of the land. Sec. 6837, R. S. 1879; Ohlman v. Saw Mill Co., 222 Mo. 62; Burkham v. Manewal, 195 Mo. 506; Simonson v. Dolan, 114 Mo. 176; Singleton v. Turner, 151 Mo. 100; Heberling v. Moudy, 247 Mo. 806; Land & Imp. Co. v. Creason, 264 Mo. 456; Williams v. Grudier, 264 Mo. 223. (3) The sheriff's tax deed is void for the reason that it purports on its face to convey the interest of John Kast when Doctor John Kost was shown by the evidence to be the record owner of the land on the date of the institution of the tax proceedings. (4) The action being one *in invitum,* the law which prescribes the proceedings leading to jurisdiction must be strictly pursued and strictly construed. Harness v. Cravens, 126 Mo. 233; Shuck v. Moore, 232 Mo. 649; Kunzi v. Hickman, 243 Mo. 103; Stanton v. Thompson, 234 Mo. 11; Ohlman v. Saw Mill Co., 222 Mo. 62; Turner v. Gregory, 151 Mo. 103; Chilton v. Tam, 235 Mo. 498.

*Edgar & Edgar* and *Watts, Gentry & Lee* for respondent.

Defendant seeks to have the court hold plaintiff's title defective because, as it is alleged, the sheriff's deed was void in that it did not convey the title of the record

owner "John Kost." In this connection we desire to call the court's attention to the case of Morrison v. Turnbaugh, 192 Mo. 445, 446, wherein the record owner was George M. Johnson; the petition, order of publication, and the publication itself carried the name of the defendant correctly, but in the judgment and in the tax deed, the name was given as "G. W. Johnson." The court held that the suit having been filed against the proper party, the order of publication, and the publication itself, having given notice to the proper party, the mistake as to the correct name in the deed was not fatal, and that the title passed by the tax proceeding. We consider that case conclusive of the points raised by the defendants.

JAMES T. BLAIR, J.—This is an appeal from a judgment for plaintiff in an action it brought under Section 1970, Revised Statutes 1919, to quiet title to certain lands in Iron County. Both parties claim under John Kost. Plaintiff claims by mesne conveyances from purchasers under judgment for taxes against Kost and others, and defendants are the heirs of Kost.

Dr. John Kost lived in Michigan and was the record owner of the land in suit as early as 1870. In 1880 a suit against him and others was brought for the taxes on the land for the years 1868 to 1878, inclusive. The order of publication was in due form. It described the land and named John Coombs, Orlando Van Hise and John Kost "and all unknown interested parties" as defendants. This order was published as the law required. It notified the defendants to appear on the fourth Monday in October, 1880. In the records of the Iron County Circuit Court there appeared a judgment as of date November 3, 1880, in favor of the same plaintiff named in the order of publication and against the same defendants for taxes for the same years on the same land. November 3, 1880, was the seventh day of the October term, 1880, for Iron County. This judgment was for $35.44 and costs. The tax files were lost. A tax deed was put in evidence. It recited a sale under a judgment

*Statement.*

"rendered October 30, 1880." It further recited the names of the plaintiff and defendants, the years for which the taxes sued for had accrued, the description of the land and the total amount of the taxes for which judgment was rendered, and these all agree with the corresponding recitals in the judgment which had been offered except that in the recital of the names of the judgment defendants "John Kast" was named in the deed instead of "John Kost."

I. It was admitted that "Dr. John Kost" was the record owner, and it is suggested that the publication and judgment against "John Kost" are not good as against "Dr. John Kost." Even if the "Dr." could be held more than a mere title and no part of the name for the purposes of service by publication (Feld v. Loftis, 240 Ill. 105; Uihlein v. Gladieux, 74 Ohio, 232; Gerahty v. State, 110 Ind. 103; Simpson v. Dix, 131 Mass. 179; Prentiss v. Blake, 34 Vt. 460), yet an admission that Dr. John Kost is the record owner does not, particularly in view of the trial court's finding, imply that he took title to the land except as John Kost. The point is ruled against appellants.

*Publication: Name.*

II. The tax deed misspelled the judgment defendant's name in one letter. It is conceded the order of publication was correct in its spelling, and it is conceded the same thing is true of the judgment. It is clear the sheriff's deed fully identifies the judgment under which the sale which it consummated was made and that the judgment so identified was rendered against John Kost. It is undisputed that the sale was made under this judgment and necessarily implied that the special *fieri facias* ran against the land of the judgment defendants. Even had it misspelled Kost's name as the deed did, that would not have rendered it void if, as we must on this record presume, it was otherwise good and properly identified the judgment. In such circumstances it would have been amend-

*Tax Deed: Defendant's Name Misspelled.*

able if presented to the Iron County Circuit Court, and would have to be treated as amended if presented to another court. [Dewey v. Peeler, 161 Mass. 135; Stout v. Railroad, 64 W. Va. 502.] "Where sufficient appeared on the face of the execution to connect it with the judgment, courts have frequently disregarded variances in the names of parties, in the date or in the amount of the judgment." [Quoted from Freeman on Judgments, sec. 43, p. 113, n. 3, in DeLoach v. Robbins, 102 Ala. l. c. 294.] If the writ is amendable, it will be accorded, in another court, the same effect as if it had been amended. [De-Loach v. Robbins, supra; Anderson v. Gray, 134 Ill. 550; Corthell v. Egery, 74 Me. 41; Sabin v. Austin, 19 Wis. 421; Graham v. Price, 3 A. K. Marsh, l. c. 523; Alexander v. Miller, 18 Tex. 893; Stewart v. Severance, 43 Mo. 322.] So far as the present question in the instant case is concerned, the facts which appear and the presumptions which must be indulged show that the sheriff sold under a valid *fieri facias* issued upon a valid judgment against John Kost. Appellants are the heirs of Kost and no rights of third parties have intervened. Neither have appellants been misled in any way, not even to the extent that they have so much as paid taxes since the sale. In any event the deed was amendable as against Kost and is amendable as against appellants or their privies, should they sell. [Smith v. Vickery, 235 Mo. l. c. 422.] This is not a case in which the wrong defendant has been named in the publication, or the judgment rendered against one not a defendant, or an execution issued against one not a judgment defendant, or the land of one other than the owner and judgment defendant sold. The facts are just to the contrary. The reference in the deed to the judgment clearly identifies it and makes it a part of the deed for all purposes. When this is considered the name "Kost" is as much a part of the deed as the word "Kast" which appears therein. The premises all considered, we hold the deed as written, together with the proceedings which are a part of it by

reference, sufficiently shows that "Kost" was intended and that the inadvertent spelling "Kast" was merely a clerical misprision. [Morrison v. Turnbaugh, 192 Mo. l. c. 445, 446.] Further there is authority which supports the view that the two names are *idem sonans*. The judgment is affirmed. All concur, except *Woodson, J.*, who dissents.