**RICHTER'S LOAN COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15971.

United States Court of Appeals
Fifth Circuit.

June 22, 1956.

Ely R. Katz, Miami, Fla., Williams, Salomon & Katz, Miami, Fla., for appellant.

Karl Schmeidler, Atty., Dept. of Justice, Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., E. David Rosen, Asst. U. S. Atty., Miami, Fla., Robert N. Anderson, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Submitted here upon an agreed statement of record on appeal, pursuant to Rule 76 of the Federal Rules of Civil Procedure, 28 U.S.C.A., this appeal involves federal income taxes assessed for the years 1947 and 1950. The question it presents is whether the notice of tax lien filed in the Federal Tax Lien Book 26, at page 195, and indexed on page 45 of the Federal Tax Lien Index Record in the office of the Clerk of the Circuit Court in and for Dade County, Florida, constitutes constructive notice to the defendant, Richter's Loan Company, so as to render the lien of the pledge of certain items of jewelry pledged to it by Joseph Friedlander inferior to the government's prior tax lien against the Friedlanders.

The claim of defendant below was, and here is, that the notice was insufficient for the reason that in it, instead of taxpayers' name being properly spelled "Friedlander", it was misspelled "Freidlander", and, furthermore, the correct address of the taxpayers, 4444 Pinetree Drive, was incorrectly placed above their names, and in the index an erroneous address, 1610 Alton Road, appeared below the names of the taxpayers.

Basing them upon the stipulation of counsel in open court, the district judge made findings of fact [1] and conclusions of law.[2]

Appellant urging upon us that since the prime purpose of Sec. 3672, 26 U.S. C.A.[3] is to mitigate the rigors of Sec.

1. As pertinent here, they are:

On July 14, 1952, said Collector of Internal Revenue caused to be filed in the office of the Clerk of the Circuit Court of Dade County, Florida, a notice of tax lien against all property and rights to property belonging to Joseph Friedlander in the amount of $57,007.93. Said notice was recorded in Federal Tax Lien Book No. 29, at page 542.

On April 16, 1951, the Commissioner of Internal Revenue assessed on his 1951 List income tax for the calendar year 1950 against defendants Joseph Friedlander and Sally Friedlander, in the amount of $14,623.70, together with interest in the amount of $73.12, making a total assessment of $14,696.82. The Collector of Internal Revenue for the District of Florida received said assessment list on April 18, 1951, and gave notice and made demand for payment thereof upon defendants Joseph Friedlander and Sally Friedlander on or about that time. Except for a credit in the amount of $126.53 made against said assessment on Sept. 10, 1954, no part of said assessment has been paid, abated or credited.

On June 28, 1951, said Collector of Internal Revenue caused to be filed in the office of the Clerk of the Circuit Court of Dade County, Florida, a notice of tax lien for taxes and interest assessed as set forth above against all the property and rights to property belonging to Joseph and Sally Friedlander in the amount of $14,696.82, which said notice of tax lien was recorded on said date in Federal Tax Lien Book No. 26, at page 195, in the following manner:

Name of taxpayer—Joseph & Sally Friedlander

Residence or place of business—4444 Pinetree Drive, Miami Beach, Florida.

Nature of tax—Income

Year or taxable period ended—1950.

Date assessment list received—4-18-51

Amount of Assessment—$14,696.82

Signed John L. Fahs, Collector.

that on the date aforesaid, to wit, June 28, 1951, a reference to said Notice of Tax Lien was entered on page 45 of the Federal Tax Lien Index Record in said office of the Clerk of the Circuit Court of Dade County, Florida, in the following words and figures:

"Book and page 26195

Date 6-22-51

Name—Freidlander, Joseph & Sally

Address—4444 Pinetree Dr., Miami Beach

Date of Filing—6-28-51. Hour of filing 9:15 A.M.

Total tax, interest and pen.—$14,696.-82."

On August 1, 1951, Joseph Friedlander borrowed $4500 from Richter's Loan Company and placed certain jewelry as security, warranting that it was free and clear of encumbrances, and defendant loaned the money in reliance upon the belief that it was free and clear and without actual notice of the filing of the tax lien.

2. As pertinent here, they are:

That the names of the defendants Friedlanders as they appeared in the Federal Tax Lien Index Record in the Office of the Clerk of the Circuit Court in and for Dade County, Florida, were sufficient constructive notice to defendant Richter's Loan Company and adequate to alert said defendant of the existence of the plaintiff's lien.

That the lien of the plaintiff is prior, superior and paramount to Richter's claim.

3. "§ 3672. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or * *."
26 U.S.C.A. § 3672.

3670 by protecting from secret liens the persons described in Subd. (a) of that section, it is essential to the effectiveness of the filed notice that the name of the tax debtor against whom the lien is filed be clearly and accurately shown, cites in support: Continental Investments v. United States (W.Dist.Tenn.), 142 F. Supp. 542 holding that a notice of tax lien filed in the name of "W. B. Clark, Sr." was not sufficient to give notice of a lien against "W. R. Clark, Sr."; and United States v. Ruby Luggage Corp., S.D.N.Y. 142 F.Supp. 701, holding that notice of a prior lien, filed against "Ruby Luggage Corporation", did not give notice of a lien against "S. Ruby Luggage Corporation". So urging, it insists that notice here that a tax lien has been filed against "Joseph Freidlander" is not sufficient to put persons dealing with "Joseph Friedlander" on notice that a lien exists against him.

The United States quotes from Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127, 143 So. 648, 144 So. 481:

"The rule supported by the best authority is that the record is constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed. * *

"If, in the investigation of a title, a purchaser, with common prudence, must have been apprised of another right, notice of that right is pre-sumed as a matter of implied actual notice. * * * Means of knowledge, with the duty of using them, are in equity equivalent to knowledge itself."

and cites Zaucha v. Town of Medley, Fla., 66 So.2d 238, and cases from other jurisdictions pronouncing the same rule.[4] Urging upon us that appellant's contention, under the facts in this case, tithes mint, anise, and cummin, exalts form over substance, it insists that it is a sticking in the bark to say that, under the findings of the court, the filing in this case was not in law and in fact constructive notice to the defendant of the tax claim and lien against the taxpayer Friedlander.

Without engaging in a discussion of the application in situations of this kind of the doctrine of *idem sonans*,[5] frequently resorted to in determining the effect of mistakes in the names of parties in the entering, docketing and indexing of judgments, deeds, liens, etc., or attempting to generalize upon the effect of the addition, omission, or substitution of letters in names in such situations,[6] we think it sufficient to say: that, whether the Florida rule invoked by appellee or the stricter rule on which appellant relies be applied, the slight difference in spelling the name "Freidlander" instead of "Friedlander" could not mislead searchers of the record, who were contemplating doing business with Friedlander; that the notice of the lien was adequate; and that the judgment giving priority to the lien of the United States should be affirmed.

Affirmed.

4. Butts v. Cruttenden, 14 Pa.Super. 449; Henry v. Sanders, 212 N.C. 239, 193 S.E. 15; Gilbert v. Berry, 190 Iowa 170, 180 N.W. 148; Coral Gables, Inc., v. Kerl, 334 Pa. 441, 6 A. 275, 122 A.L.R. 903; Department of Public Assistance v. Reustle, 358 Pa. 111, 56 A.2d 221; Sligo Furnace Co. v. Coombs, 292 Mo.

530, 239 S.W. 816; 30 Am.Jur. "Judgments", § 86, p. 863; Bergman's Appeal, 88 Pa. 120; Myer v. Fegaly, 39 Pa. 429.

5. 30 Am.Jur. "Judgments", Secs. 86–87, page 863.

6. 30 Am.Jur. "Judgments", Secs. 89–92, pp. 863–865.