**UNITED STATES of America, Plaintiff,**

**v.**

**Jack FEINSTEIN, Mark Feinstein, Reuben Klugman, Mildred Klugman, and The Manufacturers Life Insurance Company, a Canadian Corporation, Defendant.**

**No. 87–916–CIV.**

United States District Court,
S.D. Florida.

Aug. 15, 1989.

Jay L. Pritts, U.S. Dept. of Justice, Washington, D.C., U.S. Attys. Office, Miami, Fla., for plaintiff.

---

Warren R. Trazenfeld, Miami, Fla., for Feinstein and Klugman.

Brian Hal Leslie, Miami, Fla., for Mfrs. Life.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Cross Motions for Summary Judgment filed by the Plaintiff, UNITED STATES OF AMERICA, and the Defendants, JACK FEINSTEIN, MARK FEINSTEIN, REUBEN KLUGMAN, MILDRED KLUGMAN, and THE MANUFACTURERS LIFE INSURANCE COMPANY, a Canadian Corporation. Plaintiff, the UNITED STATES OF AMERICA, has filed a Motion for Summary Judgment, and therein requests that this Court enter summary judgment in its favor and (1) determine that the United States holds valid tax liens on the real property at issue, the buildings and improvements thereon; (2) order the foreclosure of the federal tax liens upon the property at issue; (3) direct the sale of the property in accordance with law; and (4) distribute the proceeds of the sale in accordance with the Court's findings.

Defendants have filed a Cross Motion for Summary Judgment, and therein request that this Court determine as a matter of law that the system for the public indexing of Federal Tax Liens, as maintained by Dade County, Florida, is not "adequate", as required by Section 6323(f)(4) of the Internal Revenue Code, in circumstances where the taxpayer's name is misspelled on the lien.

Upon review of the Cross Motions for Summary Judgment filed by the parties, it is the opinion of this Court that there is no genuine issue of material fact, and that Plaintiff is entitled to judgment as a matter of law. It is further the opinion of this Court that Defendants' Cross Motion for Summary Judgment should be denied on both substantive and procedural grounds.

### Facts

1. Hyde, Tarragon & Co. was a corporation incorporated in Florida in 1974.

2. By warranty deed dated March 15, 1979, Silco, Inc. conveyed to Hyde, Tarragon & Co. the real property described as follows:

Lots 18 and 19 of ARCH CREEK, a subdivision of the east ½ of the northeast ¼ of the southwest ¼ of Section 29, Township 52 south, Range 42 east, according to the plat thereof recorded in Plat Book B, at Page 121 of the Public Records of Dade County, Florida; less the west 25 feet of Lots 18 and 19 and that portion of said Lot 19, lying external to a 25.00 foot radius arc concave to the northeast, tangent to a line 25.00 feet east of and parallel to the west line of said Lot 19 and tangent to the south line of said Lot 19.

3. A delegate of the Secretary of the Treasury timely made the following assessment against taxpayer, Hyde, Tarragon & Co. for unpaid federal employment taxes, penalties, and interest and gave notice and demand for payment thereof as set forth in the following schedule. These amounts do not include interest as allowed by law.

| TYPE OF TAX | TAXABLE PERIOD | DATE OF ASSESSMENT, NOTICE AND DEMAND | ASSESSED AMOUNT |
|---|---|---|---|
| WH/FICA | 1st Qtr. 1981 | 11/02/81 | $16,688.28(1) |
| | | | 1,020.50(2) |
| | | | 2,503.24(3) |
| | | | 834.41(4) |
| | | | 333.77(5) |

| TYPE OF TAX | TAXABLE PERIOD | DATE OF ASSESSMENT, NOTICE AND DEMAND | ASSESSED AMOUNT |
|---|---|---|---|
| WH/FICA | 2nd Qtr. 1981 | 09/07/81 | $18,034.49(1) |
| | | | 225.31(2) |
| | | | 901.72(4) |
| | | | 180.34(5) |
| WH/FICA | 3rd Qtr. 1981 | 12/07/81 | $18,474.41(1) |
| | | | 224.73(2) |
| | | | 923.72(4) |
| | | | 184.74(5) |
| | | TOTAL | $60,529.72 |

(1) Tax
(2) Interest
(3) Delinquency Penalty
(4) Failure to Deposit Penalty
(5) Failure to Pay Penalty

4. The Internal Revenue Service sent notices of the assessments and demands for payment to Hyde, Tarragon & Co., at 12355 N.E. 13th Ave., N. Miami, Florida 33161.

5. To date, the assessments against Hyde, Tarragon & Co. remain unsatisfied and are outstanding.

6. Interest and penalties continue to accrue on these liabilities, and there remains due and owing $153,649.41 as of January 1, 1989.

7. On March 4, 1982, the Internal Revenue Service filed a Notice of Federal Tax Lien in the official records of Dade County, Florida, against Hyde, Tarragon & Co. for assessed, unpaid federal employment taxes, for the first, second, and third quarters of 1981.

8. The Notice of Federal Tax Lien listed the name as Hyde, Tar agon & Co. [with 1 "r"].

9. The proper spelling of the taxpayer's name is Hyde, Tarr agon & Co. [with 2 "r's"].

10. The filing of the Notice of Federal Tax Lien was recorded in the Dade County, Florida Official Records Index. The Official Records Index for the period of January 1, 1980, through December 31, 1984, lists the Notice of Federal Tax Lien against the name "Hyde, Tar agon & Co." [with 1 "r"].

11. The Notice of Federal Tax Lien against "Hyde, Tar agon & Co." [with 1 "r"] appears on the same page as instruments filed against the name of Hyde, Tarr agon & Co. [with 2 "r's"].

12. At the time the Notice of Federal Tax Lien was filed, Hyde, Tarragon & Co. was the title holder of the real property, buildings and improvements thereon located at 12355 N.E. 13th Ave., N. Miami Beach, in Dade County, Florida.

13. On May 17, 1982, subsequent to the filing of the Notice of Federal Tax Lien, Hyde, Tarragon & Co. conveyed by warranty deed, the real property described in paragraph 2, less all buildings and improvements thereon, to Royal E. Blakeman, Esq., Trustee.

14. On May 17, 1982, Hyde, Tarragon & Co. conveyed, by warranty deed, the buildings and improvements thereon, to Jack Klugman, Reuben Klugman and Mildred Klugman.

15. Subsequently, on or about December 31, 1984, Royal E. Blakeman, as Trustee and individually, and Reuben Klugman and Mildred Klugman transferred their respective interests in the real property, buildings and improvements thereon to Jack Feinstein and Mark Feinstein, the current title holders to the property.

16. On or about January 21, 1985, Jack Klugman conveyed his interest in the buildings and improvements on the real proper-

ty described in paragraph 2 to Jack Feinstein and Mark Feinstein.

17. Mildred and Reuben Klugman hold a promissory note from the Feinsteins as part of the financing of the purchase price for the property; the note, however, is unsecured and thus, the Klugmans have no recourse to the real property, buildings and improvements thereon.

18. Manufacturers Life Insurance Company is the owner and holder of a first mortgage on the real property at issue. The balance due on this mortgage is approximately $433,538.15 as of August 1, 1988.

19. Said mortgage originated and was recorded in the official records of Dade County, Florida in 1979, prior to the filing of the Notice of Federal Tax Lien on March 4, 1982.

Plaintiff, the United States of America, seeks to satisfy its federal tax lien by foreclosing upon the real property, buildings and improvements thereon located at 12355 N.E. 13th Ave., North Miami Beach, in Dade County, Florida. Defendants oppose this foreclosure, and maintain that the Notice of Federal Tax lien failed to provide the Defendants with actual or constructive notice of the lien due to the misspelling of the taxpayer's name.

### Statutes Involved

Section 6321 of the Internal Revenue Code (26 U.S.C.A.).

Section 6322 of the Internal Revenue Code (26 U.S.C.A.).

Section 6323(a) of the Internal Revenue Code (26 U.S.C.A.).

Section 6323(f)(4) of the Internal Revenue Code (26 U.S.C.A.).

### Question Presented

Whether a reasonable inspection of the Index to the Dade County Official Records would have revealed the existence of the federal tax liens against Hyde, Tarragon Co.

### Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgement as a matter of law." Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, it is the Court's obligation to review the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A ruling on summary judgment should be guided by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Trustees of the Plumbers Local No. 519 Health and Welfare Trust Fund v. Garcia*, 677 F.Supp. 1554, 1556 (S.D.Fla.1988). However, summary judgment is an extreme remedy which should not be granted, unless the moving party has established his right to judgment beyond controversy. *Id.*

### Discussion

#### I

A Reasonable Inspection of the Dade County Official Records Index Would Have Revealed the Existence of the Federal Tax Liens

A Federal Tax Lien attaches to all property and rights to property of a taxpayer who neglects or refuses to pay any tax for which he is liable. Section 6321 of the Internal Revenue Code. The lien arises at the time of assessment and continues until the liability for the amount assessed is satisfied or becomes unenforceable by rea-

son of time. Section 6322 of the Internal Revenue Code. In the instant case, the Internal Revenue Service made assessments against Hyde, Tarragon & Co. on September 7, 1981, November 2, 1981, and December 7, 1981. On those same dates, the Service gave notice of the respective assessments and demanded payment. In spite of the demands for payment, Hyde, Tarragon & Co. has neglected or refused to pay the Federal employment taxes for which it is liable. Thus, Federal Tax Liens against all the property of Hyde, Tarragon & Co., including the real property at issue in this case, arose on September 7, 1981, November 2, 1981, and December 7, 1981, and remain in effect.

Once a proper Notice of Federal Tax Lien is filed, the lien is valid against a subsequent purchaser of the encumbered property, provided that the purchaser is given notice of the encumbrance. Section 6323(a) of the Internal Revenue Code.[1] The requirements for proper notice of a Federal Tax Lien are set forth in Section 6323(f) of the Internal Revenue Code and are a matter of federal law. *United States v. Union Central Life Insurance Co.*, 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961).[2] Section 6323(f)(1) of the Internal Revenue Code provides that in the case of real property, a Notice of Federal Tax Lien is to be filed in one office of the state (or county, or other governmental subdivision) as designated by the laws of such state, in which the property is located. Pursuant to Section 6323(f)(1), the Internal Revenue Service filed a Notice of Federal Tax Lien against Hyde, Tarragon & Co. in the Circuit Court of Dade County, Florida.

In addition thereto, Section 6323(f)(4) of the Internal Revenue Code imposes the additional requirement that the filing of the Notice of Federal Tax Lien be entered in the index of the local government. Pursuant to Section 6323(f)(4) the Notice of Federal Tax Lien must be indexed in such a manner that a reasonable inspection of the index will reveal the existence of the lien *if*:

(a) state law provides that a deed is not valid against a bona fide purchaser unless it has been "recorded in a public index at the place of the filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed"; and *if*

(b) if the state maintains an adequate system for the public indexing of federal tax liens.[3]

Florida law governs the instant dispute and provides that a deed is not valid against a bona fide purchaser unless it has been recorded and indexed. Fla.Stat.Ann. Section 28.222(2)-(3); Fla.Stat.Ann. Section 695.01.[4] Florida also maintains an adequate system for the public indexing of Federal Tax Liens. *United States v. Clark*, 81-1 U.S.T.C. paragraph 9406 at p.

1. Thus, Hyde Tarragon & Co.'s transfer of the subject real property, subsequent to the filing of the federal tax lien, does not destroy that lien.

2. "The filing requirements for a Notice of Tax Lien exist to protect the wary. See I.R.C. Sections 6323(a), 6323(f). The failure of a person to find a properly-filed Notice will not render the government's claim inferior to that of a subsequent purchaser or mortgagee...." *United States v. Clark*, 81-1 U.S.T.C. paragraph 9406 at p. 87, 119 (S.D.Fla.1981).

3. Section 6323(f)(4) of the Internal Revenue Code provides:
(4) Indexing required with respect to certain real property.—In the case of real property, if—
(A) under the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such a deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of the filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed, and
(B) there is maintained (at the applicable office under paragraph (1)) an adequate system for the public indexing of Federal tax liens,
then the notice of lien referred to in subsection (a) shall not be treated as meeting the filing requirements under paragraph (1) unless the fact of filing is entered and recorded in the index referred to in subparagraph (B) in such a manner that a reasonable inspection of the index will reveal the existence of the lien.

4. In the instant case, Plaintiff complied with Florida law and Section 6323(f)(4) of the I.R.C. and filed its Notice of Federal Tax Lien in the Index of the local government.

87, 119 (S.D.Fla.1981). The governments filing of lien notices where there is an adequate state system of indexing real property, as there is here, must be done "in such a manner that a reasonable inspection of the index will reveal the existence of the lien." Section 6323(f)(4) of the Internal Revenue Code. Thus, the central issue in this case becomes whether a reasonable inspection of the index to public records would reveal the existence of the Notice of Federal Tax Lien.

 Despite the misspelling of the word "Tarragon", a reasonable inspection of the public records would have revealed the existence of the Notice of Federal Tax Lien, for misspelling of the taxpayer's name was slight. The Fifth Circuit has held that a minor error in filing a federal tax lien does not invalidate the notice of the lien. *See Richter's Loan Co. v. United States,* 235 F.2d 753 (5th Cir.1956), wherein the Fifth Circuit held that a Notice of Federal Tax Lien filed under the name of "Freidlander" constituted adequate notice of a federal tax lien against a taxpayer whose name was properly spelled "Friedlander".[5] Such a slight misspelling—the omission of one "r" in the name "Tarragon"—could not mislead the searchers of the record, and thus, should not invalidate the Notice of the Federal Tax Lien.

Furthermore, a reasonable inspection of the public records would have revealed the existence of the Notice of Federal Tax Lien, for the Notice of Federal Tax Lien which was filed against "Hyde, Ta*r* agon & Co." was indexed and appeared on the same page as the instruments filed against "Hyde, Ta*rr* agon & Co." Accordingly, the Notice of Federal Tax Lien at issue is sufficient, and therefore, valid against the subsequent purchasers, the Feinsteins.

## II

### Klugmans Have no Interest or Claim to the Real Property at Issue

 As a final matter, this Court hereby finds that the Klugmans have no interest in the real property at issue. Mildred and Reuben Klugman hold a promissory note from the Feinsteins as part of the financing of the purchase price of the property; the note, however, is unsecured and thus, the Klugmans have no recourse to the property at issue. Furthermore, the Klugmans, by interrogatory, have conceded that they have no claim or interest in the real property at issue. In accordance with these admissions, this Court finds that the Klugmans have no interest in the subject real property and the buildings and improvements thereon.

## III

### First in Time, First in Right

Manufacturers Life Insurance Co. is the owner and the holder of the first mortgage on the real property at issue and the buildings and improvements thereon. Said mortgage originated and was recorded in the official records of Dade County, Florida in 1979, prior to the filing of the Notice of Federal Tax Lien. As Manufacturers Life Insurance Company recorded its mortgage on the subject property prior to the recordation of the notice of federal tax lien, the mortgage is prior in right to the interest of the United States. Accordingly, the proceeds realized from the foreclosure and sale of the property at issue must first be distributed to Manufacturers Life Insurance Company in satisfaction of its first mortgage.

### Conclusion

Plaintiff, THE UNITED STATES OF AMERICA, has established to the satisfaction of this Court that there is no genuine issue of fact, and that Plaintiff is entitled to judgment as a matter of law. This Court hereby finds that Plaintiff has complied with the provisions of Section 6323 of the Internal Revenue Code, which sets forth the requirements for the filing of a Notice of Tax Lien. Consistent with this determination, this Court further finds that (1) the system employed by Dade County

---

**5.** In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1207 (11th Cir.1981), this Circuit held that decisions handed down by the old Fifth Circuit prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.

for the indexing of federal tax liens is "adequate" as required by Section 6323(f)(4) of the Internal Revenue Code; (2) that a reasonable inspection of the Index to the Dade County Official Records would have revealed the existence of the federal tax lien against Hyde, Tarragon & Co.; and (3) that the United States holds valid tax liens against the subject real property and buildings and improvements thereon to the extent of $153,649.41, as of January 1, 1988. Accordingly, this Court hereby grants Plaintiff's Motion for Summary Judgment.

Upon review of Defendants' Cross Motion for Summary Judgment, it is the opinion of this Court that said motion should be denied as it lacks merit and was untimely filed.[6]

Upon careful review of this matter, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED. It is further ORDERED AND ADJUDGED that Defendants' Cross Motion for Summary Judgment is DENIED. Consistent with the Findings of Fact and Conclusions of Law herein entered, this Court hereby orders the foreclosure of the Federal Tax Liens upon the property at issue, and further orders that the property be sold in accordance with law, and the proceeds of the sale be distributed in accordance with the findings of this Court.

DONE AND ORDERED.

---

**6.** By Order dated August 15, 1988, this Court established January 24, 1989, as the last day for filing motions in this case. Defendants' Motion for Summary Judgment was filed after this deadline, and thus, it is untimely.