**In re Larry HILL, d/b/a Hill Building Company, Debtor.**

**Bankruptcy No. 7–91–01715 MA.**

United States Bankruptcy Court,
D. New Mexico.

Dec. 22, 1993.

John Mares, Sp. Asst. Atty. Gen., NM Taxation & Revenue, Santa Fe, NM, for NM Dept. of Taxation.

Jeffrey A. Dahl, Albuquerque, NM.

### ORDER ON DEBTOR'S AMENDED OBJECTION TO AMENDED PROOF OF CLAIM

MARK B. McFEELEY, Chief Judge.

This matter came before this Court on Debtor's Amended Objection to the Amended Proof of Claim of the New Mexico Department of Taxation and Revenue (the "Department") and the Response thereto by the Department. The Debtor seeks a declaration from this Court that the lien of the Department is void *ab initio* because the notice of lien identified the Debtor as "Larry E. Hill" instead of his correct name, Larry M. Hill.[1]

The Department asserts that this matter is improperly before this Court because it was not brought as an adversary proceeding and therefore must be dismissed. The Department also asserts that the objection is without merit and the lien is valid.

## DISCUSSION

First, the Court must determine whether to consider this objection or dismiss the objection and require the Debtor to file a complaint under Bankruptcy Rule 7001, with

---

1. At the hearing on this motion, the Debtor testified that all of the information on the face of the notice was correct except for his middle initial. The notice correctly stated his business name as

its formalities and notice requirements. The Rule provides in relevant part the following:

> An adversary proceeding is governed by the rules of this Part VII. It is a proceeding ... (2) to determine the validity, priority, or extent of a lien or other interest in property, ... (9) to obtain a declaratory judgment relating to any of the foregoing, ...

The Debtor's objection, which seeks a declaration that a lien is void *ab initio*, essentially asks this Court to determine the validity of the lien. As such, this matter should have been brought as a adversary proceeding governed by Part VII of the Rules. Therefore, this Court must dismiss the objection. *See, Matter of Beard,* 112 B.R. 951, 954–56 (Bankr.N.D.Ind.1990) (stating that when adversary proceeding is required to resolve the dispute, potential defendant has the right to expect that the proper procedures will be followed); *Matter of Lipply,* 56 B.R. 68, 69 (Bankr.N.D.Ind.1985) (debtor asserted defect in perfection of creditor's lien, should have been brought as an adversary proceeding).

The Court notes that under NMSA § 7-1-38, the notice of tax lien must among other things "identify the taxpayer whose liability for taxes is sought to be enforced, ..." A copy of the notice must be sent to the taxpayer at "the last address shown on his registration certificate or other record of the department." NMSA § 7-1-9. The Debtor argues that the Department did not fulfill the requirements of NMSA § 7-1-38 because it did not properly identify the taxpayer. The Department argues that the information on the notice was sufficient to alert the debtor of the lien and that the debtor had actual notice of the lien because it was mailed to the correct address.

The object of the notice of tax lien is to give constructive notice to mortgagees, pledgees, purchasers, and other potential creditors. *See, In the Matter of Hugues J. de la Vergne, II, Ducote, Trustee v. United States,* 156 B.R. 773, 777 (Bankr.E.D.La. 1993) (in proceeding to avoid tax lien under

---

Hill Building Company and its location as 834 Griegos NW, Albuquerque, NM with a CRS ID number 01–164397–008.

§ 545 because debtor-taxpayer's name misspelled, court applied following test: "whether there was substantial compliance sufficient to give constructive notice and to alert one of the government's claims."). But perfection is not required for sufficient constructive notice. *See, Brightwell v. United States,* 805 F.Supp. 1464 (S.D.Ind.1992) (notice of federal tax lien substantially complied with requirements for constructive notice even though middle initial of taxpayer was incorrect and extra space inserted in taxpayer's last name); *United States v. Feinstein,* 717 F.Supp. 1552 (D.Fla.1989) (slight misspelling of "Tarragon" as "Taragon" did not invalidate federal tax lien); *Du–Mar Marine Service, Inc. v. State Bank & Trust Company of Golden Meadow, LA.,* 697 F.Supp. 929, 935 (E.D.La. 1988) (notices of tax lien filed in the name of "Lamant Marie Service Number 2, Inc." instead of "LaMart Marine Service No. 2, Inc." were sufficient to alert one searching the public records because the taxpayer's identification number and address were correct). However, each decision rests on its specific facts. *Haye v. United States,* 461 F.Supp. 1168 (C.D.Cal.1978) (holding that erroneous federal tax lien which listed under "Manual de J. Castello" instead of "Manuel de J. Castillo" did not provide sufficient constructive notice of the lien); *United States v. Jane B. Corporation,* 167 F.Supp. 352, 355 (D.Mass.1958) (minor error on subject of tax lien did not render the filing of notice ineffective, and any prudent person searching the record would have discovered the actual notice filed); *Richter's Loan Co. v. United States,* 235 F.2d 753 (5th Cir.1956) (lien held valid despite misspelling of name, "Freidlander" instead of true name "Friedlander"); *Continental Investments v. United States,* 142 F.Supp. 542, 544 (W.D.Tenn.1953) (tax lien in name of "W.B. Clark, Sr." was not constructive notice that lien was against "W.R. Clark, Sr."). Cases involving Article 9 financing statements also focus on whether potential creditors would have been misled as a result of the incorrect name of the debtor on financing statements. "The purpose of the filing system is to give notice to creditors and other interested parties that a security interest exists in property of the debtor. Perfect accuracy, however, is not required as long as the financing statement contains sufficient information to 'put any searcher on inquiry.'" *Matter of Glasco, Inc.,* 642 F.2d 793, 795 (5th Cir.1981) (citation omitted) (court noted that the decisions concerning errors in the debtor's name on financing statements turn on the particular facts of each case and whether potential creditors would have been misled). If this case proceeds under Rule 7001, the Court will similarly focus its inquiry.

IT IS ORDERED that the Debtor's Amended Objection to the Amended Proof of Claim of the Department is dismissed.